# In Re V-F-D-, Respondent

*Decided January 23, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A victim of sexual abuse who is under the age of 18 is a "minor" for purposes of determining whether an alien has been convicted of sexual abuse of a minor within the meaning of section 101(a)(43)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(A) (2000).

FOR RESPONDENT: Marianthe Poulianos, Esquire, Wimauma, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Rook Moore, Assistant Chief Counsel

BEFORE: Board Panel: OSUNA, Acting Vice Chairman; PAULEY, Board Member. Concurring Opinion: COLE, Board Member.

OSUNA, Acting Vice Chairman:

In a decision dated January 6, 2005, an Immigration Judge found the respondent inadmissible, but granted his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2000). The Immigration Judge also concluded that the respondent failed to establish eligibility for withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3) (2000). The Department of Homeland Security ("DHS") has appealed the Immigration Judge's grant of cancellation of removal, and the respondent has appealed the denial of his application for withholding of removal. The DHS's appeal will be sustained, the respondent's appeal will be dismissed in part, and the record will be remanded to the Immigration Court for further proceedings.[1]

---

[1] The respondent filed his Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26) after September 25, 2002. Accordingly, the "clearly erroneous" standard of review provided by 8 C.F.R. § 1003.1(d)(3)(i) (2005) will be applied to the Immigration Judge's findings of fact pursuant to 8 C.F.R. § 1003.3(f) (2005). *See also Matter of S-H-*, 23 I&N Dec. 462, 464 n.2 (BIA 2002).

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Egypt, was admitted to the United States as a lawful permanent resident on June 30, 1988.  On October 23, 2000, he was convicted of unlawful sexual activity with certain minors in violation of section 794.05 of the Florida Statutes, which provides that any individual who is 24 years of age or older and who engages in sexual activity with anyone 16 or 17 years of age commits a second degree felony.[2]  On the basis of that conviction, the DHS charged that the respondent is deportable from the United States as an alien convicted of a crime involving moral turpitude.

The Immigration Judge found that the respondent was inadmissible,[3] but she granted the respondent's application for cancellation of removal under section 240A(a) of the Act over the DHS's objections that the respondent was not eligible because his conviction was for an aggravated felony.  Specifically, the DHS argued that the respondent had been convicted of an offense constituting sexual abuse of a minor, which was therefore an aggravated felony under section 101(a)(43)(A) of the Act, 8 U.S.C. § 1101(a)(43)(A) (2000).  In dismissing the DHS's argument, the Immigration Judge explained that under Federal law, sexual abuse of a minor involves a child who "has attained the age of 12 years but has not attained the age of 16 years."  *See* 18 U.S.C. § 2243(a)(1) (2000).  Because the victim in this case was 16 years old, the

---

[2]  The Florida statute defining the offense of unlawful sexual activity with certain minors provides in pertinent part as follows:

> A person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree. . . .  As used in this section, "sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; however, sexual activity does not include an act done for a bona fide medical purpose.

Fla. Stat. Ann. § 794.05(1) (West 2005).  The record reflects that the respondent was 37 years old at the time of the offense.  He was sentenced to 6 months in jail and 1 year of probation as a result of his conviction.  He was also ordered to register with the State of Florida as a sex offender.

[3]  The respondent conceded that he is inadmissible under section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2000), as an alien who has been convicted of a crime involving moral turpitude.

Immigration Judge concluded that the respondent was not convicted of sexual abuse of a minor under section 101(a)(43)(A) of the Act.

## II.  ISSUES

The primary issue before us is whether sexual activity by a person who is 24 years of age or older with a person who is 16 or 17 years of age constitutes "sexual abuse of a minor."  In addition, we must address the question of the respondent's eligibility for withholding of removal.

## III.  SEXUAL ABUSE OF A MINOR

In *Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991, 996 (BIA 1999), we recognized that the various States categorize sex crimes against children in many different ways and decided that we are not obliged to adopt any specific Federal or State provision in defining the term "sexual abuse of a minor."  We determined that the definitions set forth in 18 U.S.C. §§ 2242, 2243, and 2246 (1994) were too restrictive to encompass the numerous State crimes that can be viewed as "sexual abuse" and concluded that the definition  delineated in 18 U.S.C. § 3509(a) (1994) best captured the broad spectrum of sexually abusive behavior prohibited under the State laws.  We found that the definition employed in 18 U.S.C. § 3509(a) was consistent with Congress's intent to provide a comprehensive scheme in the Act to cover crimes against children, and that it was a "more complete interpretation of the term 'sexual abuse of a minor' as it commonly is used."[4]  *Id*. at 996.  Consequently, we invoked that definition as a guide in identifying the types of crimes that we would consider to constitute sexual abuse of a minor.

Although the issue here involves the age of a minor rather than a particular type of sexual conduct, we find that our reasoning in *Matter of Rodriguez-Rodriguez*, *supra*, is also appropriate in considering an age restriction for such conduct in this case.[5]  Under 18 U.S.C. § 2243(a)(1) a minor

---

[4]  "Sexual abuse" is defined under 18 U.S.C. § 3509(a)(8) as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."

[5]  We did not discuss any age restriction in regard to the term "minor" in *Matter of Rodriguez-Rodriguez*,*supra*.  However, when we determined that the definition of "sexual abuse" in 18 U.S.C. § 3509(a) encompassed the Texas statute, which punished certain acts committed with children who were under 17 years of age, we implied that a minor was a person under the age of 18, rather than 16, as provided in 18 U.S.C. § 2243(a)(1).

is referred to as someone between the ages of 12 and 16, but 18 U.S.C. § 3509(a)(2) defines a "child" as "a person who is under the age 18." The term "minor" is also commonly defined as "a person who is under the age of legal competence," which in most States is 18.[6]  *See Black's Law Dictionary* 899 (5th ed. 1979). We find that the broader age limitation in 18 U.S.C. § 3509(a)(2) best reflects the diverse State laws that punish sexually abusive behavior toward children, the common usage of the word "minor," and the intent of Congress in expanding the definition of an aggravated felony to protect children. Thus, we consider the age restriction in 18 U.S.C. § 3509(a)(2) to be the best guide for establishing a definition of the term "minor" in the phrase "sexual abuse of a minor." *See Matter of Rodriguez-Rodriguez*, *supra*;[7] *see also Gattem v. Gonzales*, 412 F.3d 758 (7th Cir. 2005) (reaffirming the importance of using the broad definition of sexual abuse delineated in 18 U.S.C. § 3509(a)(8) in accordance with congressional intent in determining whether a crime constitutes an offense under section 101(a)(43)(A) of the Act; *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1065 (9th Cir. 2003) (applying the "common, everyday meanings" of the terms "sexual" and "minor" rather than the definition at 18 U.S.C. § 2243). Consequently, we conclude that a victim of sexual abuse is a "minor" for purposes of section 101(a)(43)(A) of the Act if he or she is under 18 years of age.[8]  *See United States v. Martinez-Carillo*, 250 F.3d 1101 (7th Cir. 2001) (holding that a violation of a State statute qualified as sexual abuse of a minor where the victim was under the age of 18).

---

[6]  Each State has the discretion to consider the potential risk of injury resulting from sexual contact between a perpetrator and a minor based on the child's age and then to pass legislation to protect that category of minor victims from such injuries. *See United States v. Austin*, 426 F.3d 1266, 1279-80 & n.8 (10th Cir. 2005). For this reason, the age of consent varies widely among the States.

[7]  Although the concurring opinion asserts that we are modifying our decision in *Matter of Rodriguez-Rodriguez*, *supra*, we are, in fact, following the rationale stated there. In that decision, we determined that for various reasons, it was more appropriate to employ the broader definition of sexually abusive conduct set forth in 18 U.S.C. § 3905(a) than to use the more restrictive meaning outlined in 18 U.S.C. §§ 2242, 2243, and 2246. Here we apply the same logic to the issue of the definition of a minor in concluding that Congress intended to expand, rather than limit, the age at which a person is considered a minor.

[8]  Notably, section 212(a)(9)(B)(iii)(I) of the Act, which provides an exception from inadmissibility for alien minors, refers to them as persons who are "under 18 years of age." In this regard, we are mindful of the principle that when Congress defines a term in one part of a statute, the same definition is presumed to apply to other parts of the statute. *See Mertens v. Hewitt Assoc.*, 508 U.S. 248, 260 (1993).

Because the victim in this case was required by the Florida statute to be under the age of 18, she clearly was a "minor."

We must next determine whether the particular offense of which the respondent was convicted involved "sexual abuse," as required by section 101(a)(43)(A) of the Act. The respondent was convicted under a statute that criminalizes sexual activity between an adult who is at least 24 years of age and a minor who is at least 7 or 8 years younger, i.e., 16 or 17 years of age. Fla. Stat. Ann. § 794.05(1) (West 2005). This is a significant age discrepancy that reflects the seriousness and exploitative nature of the crime. There is little doubt that the offense in this case constitutes "sexual abuse" and thus falls within the purview of section 101(a)(43)(A). Therefore, we conclude that the respondent's conviction is for an aggravated felony and that he is ineligible for cancellation of removal under section 240A(a) of the Act. Accordingly, we will vacate the Immigration Judge's decision granting cancellation of removal to the respondent and sustain the DHS's appeal.

## IV. WITHHOLDING OF REMOVAL

The respondent maintains that he experienced past persecution based on his religious beliefs. In particular, he explained that Muslim students called him names and mistreated him in school, and his professors gave him bad grades. In addition, the respondent reported being interrogated about his religion by unknown assailants in February or March 1985. He traveled to the United States on a B-2 tourist visa in August 1985.

To establish eligibility for withholding of removal, an alien has the burden of showing that it is more likely than not that he will be persecuted on account of a protected ground. 8 C.F.R. § 1208.16(b)(2) (2005); *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *INS v. Stevic*, 467 U.S. 407 (1984). If an alien is determined to have suffered past persecution on account of a protected ground, it is presumed that his life or freedom would be threatened in the future on the basis of the original claim. 8 C.F.R. § 1208.16(b)(1)(i).

As noted by the Immigration Judge, the respondent's testimony regarding discrimination in his school, neighborhood, and employment opportunities concerned harassment from private individuals. *See Matter of A-E-M-*, 21 I&N Dec. 1157 (BIA 1998); *see also Matter of Kasinga*, 21 I&N Dec. 357 (BIA 1996). Upon our review of the record, we agree with the Immigration Judge that the mistreatment that the respondent alleged he suffered more than 20 years ago did not rise to the level of past persecution for purposes of withholding of removal. The respondent has made no arguments on appeal indicating that it is "more likely than not" that he would be persecuted if returned to his native country. 8 C.F.R. § 1208.16(b)(2). Consequently, we agree with the Immigration Judge that the respondent has failed to meet his burden of proving his eligibility for withholding of removal.

We note that the Immigration Judge did not address the respondent's application for protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988). Consequently, we conclude that the record must be remanded to the Immigration Judge for further fact-finding with respect to this application. *See Matter of S-H-*, 23 I&N Dec. 462 (BIA 2002).

## V. CONCLUSION

The respondent was convicted of engaging in sexual activity with a victim who was 16 or 17 years of age when he was over the age of 24. We conclude that this offense constitutes sexual abuse of a minor and is therefore an aggravated felony under section 101(a)(43)(A) of the Act. Consequently, he is ineligible for cancellation of removal. We further conclude that the respondent failed to establish eligibility for withholding of removal. We will therefore sustain the appeal of the DHS and dismiss the respondent's appeal. However, the record will be remanded for further consideration of the respondent's application for protection under the Convention Against Torture. Accordingly, the following orders will be entered.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The Immigration Judge's decision granting the respondent's application for cancellation of removal is vacated.

**FURTHER ORDER:** The respondent's appeal from the Immigration Judge's decision denying his application for withholding of removal is dismissed.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

*CONCURRING OPINION*: Patricia A. Cole, Board Member

I respectfully concur in the result to sustain the Department of Homeland Security ("DHS") appeal of the grant of cancellation of removal and find that the respondent's conviction constitutes sexual abuse of a minor under section 101(a)(43)(A) of the Act, 8 U.S.C. § 1101(a)(43)(A) (2000). Since we recognized and determined in *Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991 (BIA 1999), that the definition of "sexual abuse" delineated in 18 U.S.C. § 3509(a) (2000) would be adopted as a guide in identifying the types of crimes that we would consider to constitute sexual abuse of a minor, I do not

find it necessary to mandate an age restriction for such conduct.  Rather, the age of the minor is but one factor for consideration when identifying the particular type of conduct that would constitute sexual abuse.  Therefore, I would not modify *Matter of Rodriguez-Rodriguez* to establish a Federal age restriction in the phrase "sexual abuse of a minor."  The nature of the respondent's offense is sufficient to find that this particular conduct, with the significant age discrepancy, constitutes sexual abuse of a minor.