# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1585
_____

United States of America,

*Plaintiff - Appellee,*

v.

James Jones Howard,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 18, 2013
Filed: June 11, 2014

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

James Howard pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g). Based on Howard's criminal history, the district court[1] sentenced Howard to the statutory minimum

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

sentence of fifteen years' imprisonment under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). Howard appeals, arguing that neither of his sexual-abuse convictions qualifies as a violent felony under the ACCA, and that the Act's residual clause is unconstitutionally vague. We affirm.

Under the ACCA, a defendant convicted pursuant to 18 U.S.C. § 922(g) is subject to a minimum sentence of fifteen years if he has sustained at least three previous convictions for a violent felony, a serious drug offense, or both. *Id.* § 924(e). The Act defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year" that is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B).

Howard does not dispute that he sustained two qualifying convictions, one for first-degree theft and another for second-degree murder. But he contends that neither of his sexual-abuse convictions—a 1988 Arkansas conviction for first-degree carnal abuse and a 1992 Iowa conviction for third-degree sexual abuse—constitutes a third violent felony, because neither is similar in kind, or degree of risk posed, to the offenses enumerated in § 924(e)(2)(B)(ii). The district court, citing this court's decisions in *United States v. Dawn*, 685 F.3d 790 (8th Cir. 2012), *United States v. Scudder*, 648 F.3d 630, 633 (8th Cir. 2011), and *United States v. Mincks*, 409 F.3d 898, 900 (8th Cir. 2005), ruled that both of these convictions fell within the ACCA's residual clause. We review that determination *de novo*. *United States v. Whaley*, 552 F.3d 904, 905 (8th Cir. 2009).

The Arkansas statute under which Howard was convicted, Arkansas Code § 5-14-104 (1988), provided that "[a] person commits carnal abuse in the first degree if, being eighteen (18) years old or older, he engages in sexual intercourse or deviate sexual activity with another person not his spouse who is less than fourteen (14) years

old."  Court records showed that Howard was convicted for engaging in sexual intercourse with the victim.  PSR ¶ 24.

Under the residual clause of the ACCA, a crime qualifies as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  We reasoned in *Dawn* that "[s]exual contact between parties of differing physical and emotional maturity carries a substantial risk that physical force may be used in the course of committing the offense."  685 F.3d at 796–97 (internal quotation omitted).  That is especially so where, as here, the victim must be of a tender age (younger than fourteen years) and the sexual offender must be an adult aged at least eighteen years.  The younger the victim, and the larger the age difference between perpetrator and victim, the greater the likely disparity in physical and emotional maturity between the parties.  The risk of injury arises, one court explained, because these offenses "typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures."  *United States v. Sherwood*, 156 F.3d 219, 221 (1st Cir. 1998) (internal quotation omitted).  The parties have not presented empirical data about physical injuries arising from sexual offenses committed against minors, *cf. Chambers v. United States*, 555 U.S. 122, 129 (2009), but our prior decisions in *Dawn*, *Scudder*, and *Minks* align with the Second Circuit's intuitive belief that "given the peculiar susceptibility of minors to coercion by adults into sexual acts, we think it more likely that violent and aggressive force will actually be employed in the course of committing the crime at issue here than in the course of committing an ordinary burglary."  *United States v. Daye*, 571 F.3d 225, 234 (2d Cir. 2009).

Consistent with our holding in *Dawn* that a comparable conviction under Arkansas Code § 5-14-125(a) (2002) was a "crime of violence" based on the nearly-identical residual clause in USSG § 4B1.2(a), *see* 685 F.3d at 798, we conclude that Howard's conviction under the Arkansas carnal-abuse statute qualifies as a violent

felony. As the Arkansas conviction is sufficient to make Howard an armed career criminal, we need not address whether his conviction for sexual abuse under Iowa Code § 709.4(2)(c)(4) (1992)—which involves a victim aged fourteen or fifteen years—qualifies as a violent felony. *Cf. United States v. Owens*, 672 F.3d 966, 970–72 (11th Cir. 2012) (statutory rape under Alabama law involving sexual intercourse with a victim between twelve and sixteen years old is not a violent felony); *United States v. Harris*, 608 F.3d 1222, 1230–33 (11th Cir. 2010) (violation of Florida sexual battery statute involving sexual contact with a victim under sixteen years old is not a violent felony); *United States v. Christensen*, 559 F.3d 1092, 1093–95 (9th Cir. 2009) (statutory rape under Washington law involving sexual intercourse with a victim between fourteen and sixteen years old is not a violent felony).

Howard's argument that the residual clause of the ACCA is unconstitutionally vague is foreclosed by precedent. *See Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011); *James v. United States*, 550 U.S. 192, 210 n.6 (2007); *United States v. Evans*, 738 F.3d 935, 936 (8th Cir. 2014) (per curiam).

\*     \*     \*

The judgment of the district court is affirmed.

_____