# Matter of Juan ESQUIVEL-QUINTANA, Respondent

*Decided January 9, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) For a statutory rape offense that may include a 16- or 17-year-old victim to be categorically "sexual abuse of a minor" under section 101(a)(43)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(A) (2012), the statute must require a meaningful age differential between the victim and the perpetrator. *Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991 (BIA 1999), and *Matter of V-F-D-*, 23 I&N Dec. 859 (BIA 2006), clarified.

(2) The offense of unlawful intercourse with a minor in violation of section 261.5(c) of the California Penal Code, which requires that the minor victim be "more than three years younger" than the perpetrator, categorically constitutes "sexual abuse of a minor" and is therefore an aggravated felony under section 101(a)(43)(A) of the Act.

FOR RESPONDENT: Michael Carlin, Esquire, Ann Arbor, Michigan

FOR THE DEPARTMENT OF HOMELAND SECURITY: Heather A. Moilanen-Miller, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, GREER, and MALPHRUS, Board Members.

MALPHRUS, Board Member:

In a decision dated August 13, 2013, an Immigration Judge found the respondent removable as an alien convicted of an aggravated felony under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), denied his motion to terminate the proceedings, and ordered him removed from the United States. The respondent has appealed from that decision.[1] The appeal will be dismissed.

---

[1] We have requested and received helpful supplemental briefing from both parties. In its supplemental brief, the Department of Homeland Security argues that the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), does not apply in immigration proceedings. However, we addressed and dismissed similar arguments in this regard in *Matter of Chairez*, 26 I&N Dec. 349 (BIA 2014).

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States on September 15, 2000, as a lawful permanent resident. In April 2009, he was charged with two counts of unlawful intercourse with a minor more than 3 years younger than he, in violation of section 261.5(c) of the California Penal Code.  On May 28, 2009, he was convicted of one count, sentenced to 90 days in jail and 5 years of probation, and prohibited from having contact with the victim.  The respondent was placed in removal proceedings following his conviction.  The Immigration Judge determined that his conviction was for "sexual abuse of a minor," which is an aggravated felony under section 101(a)(43)(A) of the Act, 8 U.S.C. § 1101(a)(43)(A) (2012).

## II.  ISSUE

The issue on appeal is whether the offense of unlawful intercourse with a minor in violation of section 261.5(c) of the California Penal Code, which requires that the minor victim be "more than three years younger" than the perpetrator, categorically constitutes "sexual abuse of a minor" and is therefore an aggravated felony under section 101(a)(43)(A) of the Act.

## III.  ANALYSIS

Section 261.5 of the California Penal Code provides, as it did at the time of the respondent's offense, that "[u]nlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor."  It defines a "minor" as "a person under the age of 18 years." *Id.*  Section 261.5(c) provides that "[a]ny person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony."  Thus, the elements of an offense under section 261.5(c) of the California Penal Code are (1) unlawful sexual intercourse (2) with a minor under 18 years old (3) who is more than 3 years younger than the perpetrator.

In *Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991, 995−96 (BIA 1999), we determined the ordinary meaning of "sexual abuse" by referring to the definition of that term in 18 U.S.C. § 3509(a)(8) (1994), which we found provided useful guidance on the crimes that can reasonably be considered "sexual abuse of a minor" for purposes of section 101(a)(43)(A) of the Act.  The Federal statute defined "sexual abuse" as "the employment, use, persuasion, inducement, enticement, or coercion of

a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."   18 U.S.C. § 3509(a)(8). Our definition in *Matter of Rodriguez-Rodriguez* has been given deference by several circuit courts.  *See, e.g.*, *Restrepo v. Att'y Gen. of U.S.*, 617 F.3d 787, 795−96 (3d Cir. 2010); *Gaiskov v. Holder*, 567 F.3d 832, 835 (7th Cir. 2009); *Mugalli v. Ashcroft*, 258 F.3d 52, 57−60 (2d Cir. 2001).

Subsequently, in *Matter of V-F-D-*, 23 I&N Dec. 859 (BIA 2006), we held that a victim of sexual abuse who is under the age of 18 is a "minor" for purposes of section 101(a)(43)(A) of the Act.  *See also United States v. Rodriguez*, 711 F.3d 541, 559−60 (5th Cir. 2013) (en banc) (adopting the age of 18 as the contemporary, generic meaning of a "minor" for sentencing guidelines purposes).  Thus, we have deemed any relevant offense to be "sexual abuse of a minor" if it meets the definition of "sexual abuse" in *Matter of Rodriguez-Rodriguez* and the victim is under 18 years old, as required by *Matter of V-F-D-*.  In this case, we must expand upon these decisions and consider whether a violation of a statute that involves unlawful sexual intercourse and presumes a lack of consent based on the age of the victim is "sexual abuse of a minor."   Such an offense is commonly referred to as "statutory rape," which is "understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by state statute."  *United States v. Gomez-Mendez*, 486 F.3d 599, 603 & n.7 (9th Cir. 2007) (citing *Black's Law Dictionary* 1288 (8th ed. 2004)).

We begin with relevant context.  Previously, under *Matter of Lanferman*, 25 I&N Dec. 728 (BIA 2012), and other prior Board precedent, if an offense of conviction like the respondent's potentially involved removable conduct, we would employ the modified categorical approach to determine whether the particular crime qualified as "sexual abuse of a minor."   In such a case, we would have looked to judicially recognized documents in the record of conviction to determine the actual age of the victim and the age differential between the victim and the offender, as well as any other relevant facts related to the conviction.  *Id.*; *see also Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990).  However, following *Descamps v. United States*, 133 S. Ct. 2276 (2013), where the Supreme Court further discussed the application of the *Taylor* "modified categorical approach" and the definition of a "divisible" statute, we withdrew from *Matter of Lanferman* and announced that we would follow the law of each circuit as to divisibility.  *Matter of Chairez*, 26 I&N Dec. 349, 354 (BIA 2014).  Based on the Supreme Court's analysis in *Descamps* regarding the limited circumstances under which a statute is divisible and the absence of authority regarding divisibility in a statutory context relevant to this case in

the United States Court of Appeals for the Sixth Circuit, we conclude that section 261.5(c) of the California Penal Code is not divisible as to the definition of sexual abuse of a minor.

Because we are therefore limited to applying the categorical approach, we may not look to any of the facts that form the basis of the conviction, including the ages of the victim and the offender. This is true even though the judicially recognized documents that were relied on to establish the conviction in the respondent's criminal proceedings are in the record and the facts are not in dispute. Accordingly, despite the inclusion of this uncontested information in the record, we may not consider the age of the victim or the actual age difference between the victim and the offender. Instead, we will look only to the minimum conduct that has a realistic probability of being prosecuted under the California statute. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013).[2]

The respondent argues that in applying this categorical analysis, the Board must hold that unlawful intercourse with a minor more than 3 years younger than the perpetrator in violation of section 261.5(c) of the California Penal Code is categorically not "sexual abuse of a minor" under section 101(a)(43)(A) of the Act. In support of his argument, he relies on the Ninth Circuit's decision in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1159 (9th Cir. 2008), where the court concluded that the offense prohibited by section 261.5(c) is broader than the generic definition of "sexual abuse of a minor." According to the court, for a statute criminalizing statutory rape to define a "sexual abuse of a minor" offense, it may never include 16- or 17-year-olds as victims and it must require at least a 4-year age difference between the victim and perpetrator. *See id.* at 1152, 1158.[3] We are not bound by the Ninth Circuit's decision in these

---

[2] We will further assume for these purposes that we are precluded from applying a "circumstance-specific" approach in relation to section 101(a)(43)(A) of the Act to determine the ages of the victim and the perpetrator and any age differential between them. In *Nijhawan v. Holder*, 557 U.S. 29, 37 (2009), the Supreme Court upheld the application of the "circumstance-specific" approach to an offense that involved "fraud or deceit when the loss to the victim exceeds $10,000" under section 101(a)(43)(M)(i) of the Act but noted, albeit in dicta, that section 101(a)(43)(A) refers to the "generic crimes" of "murder, rape, or sexual abuse of a minor," which are subject only to the "categorical" approach.

[3] Additionally, the Ninth Circuit has found that a statute proscribes "abuse" if it prohibits conduct that causes "'physical or psychological harm' in light of the age of the victim in question." *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009) (quoting *United States v. Baza-Martinez*, 464 F.3d 1010, 1015 (9th Cir. 2006)). However, we do not agree that sexual abuse requires any specific, identifiable harm. As discussed in *United States v. Diaz-Ibarra*, 522 F.3d 343, 350 (4th Cir. 2008), sexual

(continued . . .)

proceedings because the respondent's case arises in the Sixth Circuit, which, to our knowledge, has not opined on the definition of "sexual abuse of a minor" in this context. *See Matter of Anselmo*, 20 I&N Dec. 25, 31 (BIA 1989).

The Seventh Circuit has recently addressed this issue and taken a different approach from *Estrada-Espinoza*. In *Velasco-Giron v. Holder*, 768 F.3d 723 (7th Cir. 2014), the court affirmed our determination that a violation of section 261.5(c) of the California Penal Code, the same statute under which the respondent was convicted, is "sexual abuse of a minor." The court explained that Congress gave the Board, as the administrative adjudicative authority, discretion on how to define "statutory rape of a minor" and that in making its determination that the statute prohibits "sexual abuse of a minor," the Board was entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Id.* at 726. It further noted that our holding in that case "flowed . . . from" the holding in *Matter of Rodriguez-Rodriguez*. *Id.* at 728 (internal quotation marks omitted).

Consistent with the Seventh Circuit's decision in *Velasco-Giron*, we hold that, outside of the Ninth Circuit, a violation of section 261.5(c) of the California Penal Code is categorically "sexual abuse of a minor." We do not agree with the Ninth Circuit that a "statutory rape" offense only qualifies as "sexual abuse of a minor" if the victim is under the age of 16. *See Rivera-Cuartas v. Holder*, 605 F.3d 699, 701−02 (9th Cir. 2010). Specifically, we are not prepared to hold that a 16- or 17-year-old categorically cannot be the victim of sexual abuse. We believe that sexual abuse of such a minor by an older person may occur in certain circumstances, and there is a realistic probability of prosecution for such abuse.[4]

"Central to the concept of 'statutory rape' is the notion that a person less than a certain age is legally incapable of giving consent and thus that statutory rape involves a sexual act committed by one partner 'against' the other." *Mugalli v. Ashcroft*, 258 F.3d at 58 n.6. There has been no consensus among the States on the exact age of consent for statutory rape. *See United States v. Rodriguez*, 711 F.3d at 561 n.26 (citing *United States v. Lopez-DeLeon*, 513 F.3d 472, 474 n.3 (5th Cir. 2008) (listing State

---

abuse does not require injury because it may involve the use of a child for the gratification of an adult's sexual desires.

[4] For example, sexual intercourse between a 16-year-old high school student and his or her school teacher is properly viewed as abusive, even if the conduct is consensual, because of the inherent coercive nature of the relationship and the potential for exploitation.

statutes by the age of consent for statutory rape)).  It is significant to our consideration of congressional intent, however, that a number of States defined 16- and 17-year-olds to be victims at the time Congress enacted this provision, as they continue to do.  *See id.*; *Matter of Rodriguez-Rodriguez*, 22 I&N Dec. at 996 (defining "sexual abuse of a minor" based on common usage, which encompassed various State crimes).  We do not believe that Congress intended to exclude from the aggravated felony definition all State statutes that have defined sexual abuse of a minor, in part, by the victim being 16 or 17 years old.

In this regard, courts have recognized that "there is an inherent risk of exploitation, if not coercion, when an adult solicits a minor to engage in sexual activity" because "[m]inors as a group have a less well-developed sense of judgment than adults, and thus are at greater peril of making choices that are not in their own best interests."  *Gattem v. Gonzales*, 412 F.3d 758, 765 (7th Cir. 2005); *see also Bellotti v. Baird*, 443 U.S. 622, 635 (1979) ("[D]uring the formative years of childhood and adolescence, minors often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them.").  The Government's argument also relies on authority stating that teenaged women "may not have the negotiation skills needed to promote self-protective behavior during sexual encounters, particularly with older, more experienced partners."  Kim S. Miller et al., *Sexual Initiation with Older Male Partners and Subsequent HIV Risk Behavior Among Female Adolescents*, 29 Fam. Plan. Persp. 212, 214 (1997).

An age differential of a few years can be very significant when a minor is involved.  As the Government argues, the risk of coercion is particularly great when the victim is not in the same peer group, and having an age differential of "more than three years" helps ensure that the victim and the perpetrator are not in the same peer group.  *See* Kim S. Miller, *supra*, at 214 (classifying a woman's partner as not peer-aged if he is 3 or more years older because of the likelihood that they are in different school settings or, if in the same school, have a different status, such as freshman and senior).[5]

---

[5]  Many courts, including the Ninth Circuit, have held that sexual offenses against children are "crimes of violence."  *United States v. Medina-Villa*, 567 F.3d at 511–16; *see also, e.g.*, *United States v. Ortiz-Delgado*, 451 F.3d 752, 757 (11th Cir. 2006); *Dos Santos v. Gonzales*, 440 F.3d 81, 84–85 (2d Cir. 2006); *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993).  As the Eighth Circuit has explained, there is a substantial risk of violence in the course of committing a sexual offense against a young child "given the peculiar susceptibility of minors to coercion by adults into sexual acts."  *United States v. Howard*, 754 F.3d 608, 610 (8th Cir. 2014) (quoting *United States v. Daye*, 571 F.3d 225, 234 (2d Cir. 2009) (internal quotation mark omitted)).

We recognize that there should be a distinction between sexual offenses involving older adolescents and those involving younger children when assessing whether consensual intercourse between peers is "abusive," and thus whether it would constitute "sexual abuse of a minor." *See United States v. Medina-Villa*, 567 F.3d 507, 514 (9th Cir. 2009). The statute must prohibit conduct that constitutes "sexual abuse" as that term is commonly used. *See Matter of Rodriguez-Rodriguez*, 22 I&N Dec. at 996. In this regard, we do not view an offense under a statute that may involve a 16- or 17-year-old victim, and that presumes a lack of consent, as categorically constituting sexual "abuse" without requiring an age differential. *See United States v. Osborne*, 551 F.3d 718, 720 (7th Cir. 2009) (noting that it is difficult to classify as "abusive" certain conduct prohibited by a State statute that imposes no age differential requirement but that makes it a crime for one teenager to engage in sexual contact with another, without committing a sexual act). In our view, an age differential is the key consideration in determining whether sexual intercourse with a 16- or 17-year-old is properly viewed as categorically "abusive." *See id.* at 720–21 (differentiating between sexual acts that are "abusive," because there is a significant age differential between the perpetrator and victim, and sexual acts that are not "abusive" because they occur between high school peers who are separated in age by, for example, only 2 years).

We continue to consider the term "minor" to be a victim under 18 years old for purposes of defining "sexual abuse of a minor" under section 101(a)(43)(A) of the Act. *Matter of V-F-D-*, 23 I&N Dec. at 862. However, we clarify that in the context of State statutory rape offenses, a statute that includes 16- or 17-year-olds must also contain a meaningful age differential to constitute "sexual abuse of a minor." At the same time, we emphasize that this holding is limited to sexual abuse statutes that may include 16- or 17-year-olds as victims and do not make lack of consent an element of the offense. It also does not apply to other types of sexual crimes.[6]

---

[6] Our holding today clarifies and refines our decision in *Matter of V-F-D-* because it applies to a conviction under a "statutory rape" statute that includes 16- and 17-year-olds as "minors." But it in no way undermines our conclusion that a "minor" is anyone under the age of 18 for purposes of determining whether sexual offenses, other than "statutory rape" including 16- and 17-year-old victims, qualify as "sexual abuse of a minor" offenses. *Cf. United States v. Gomez*, 757 F.3d 885, 903 (9th Cir. 2014) (defining "statutory rape" to require as an element that the victim be less than 16 years old). We also note that our holding in this case would not have led to a different outcome in *Matter of V-F-D-* because the Florida statute addressed there required at least a 7-year age differential between the perpetrator and the 16- or 17- year-old victim.

In evaluating whether an offense is categorically one of "sexual abuse," we must carry out the congressional intent to impose immigration consequences on those who have been convicted of sexual abuse of a minor without including nonabusive consensual sexual intercourse between older adolescent peers. *See Matter of Rodriguez-Rodriguez*, 22 I&N Dec. at 996 ("Congress' intent [is] to remove aliens who are sexually abusive toward children and to bar them from any relief."). We are very limited in this regard because, in applying the categorical approach, we may not look to the actual age of the victim, the age differential between the parties, or any other facts, even if they are undisputed in the judicially recognized documents that underlie the conviction. While we do not agree that a specific age of minority is dispositive, we do believe that when a statute includes 16- or 17-year-olds and presumes a lack of consent, there must be a meaningful age differential for the offense to categorically constitute "abuse." *See United States v. Osborne*, 551 F.3d at 719−20.[7]

As we discussed in *Matter of Rodriguez-Rodriguez*, 22 I&N Dec. at 996, States "categorize and define sex crimes against children in many different ways." Therefore it is "difficult, if not impossible, to determine whether a majority consensus exists with respect to the element components of an offense category or the meaning of those elements." *United States v. Rodriguez*, 711 F.3d at 556. The same is true for the subset of sex crimes referred to as "statutory rape." *See id.* at 557. Statutory rape is not a common law crime, and "[m]any jurisdictions do not use the specific label 'statutory rape' in their codes." *Id.* at 557, 559. Most States have multiple provisions governing this type of offense and vary widely in both the extent and existence of age gaps. *United States v. Gomez*, 757 F.3d 885, 906 n.21 (9th Cir. 2014). States also differ as to strict liability versus the application of a mens rea defense. *United States v. Rodriguez*, 711 F.3d at 557.

---

[7]  It is noteworthy that our application of section 261.5(c) of the California Penal Code is not limited to 16- and 17-year-old victims. If we were to conclude that the offense at issue here is not categorically "sexual abuse of a minor," sexual offenders who were prosecuted under this statute for victimizing children under the age of 16 would not be removable for having committed a "sexual abuse of a minor" aggravated felony under the Act. In other words, a conviction under this statute would never constitute a "sexual abuse of a minor" aggravated felony conviction under the Act. This is so because we cannot consider the age of the victim under the categorical approach and section 261.5(c) may involve a 16- or 17-year-old victim, but it also includes victims under the age of 16. Similarly, in the Ninth Circuit, where we are bound to apply that circuit's law, the definition of sexual abuse of a minor is based exclusively on a Federal statute that only applies to victims aged 12 to 15. *See Velasco-Giron v. Holder*, 768 F.3d at 726–27. Thus, an alien who victimizes a child under 12 years old, but who is prosecuted under section 261.5(c), is not removable in the Ninth Circuit as an alien convicted of "sexual abuse of a minor" under section 101(a)(43)(A) of the Act. *Id.*

Accordingly, given the large number and variety of statutes that are potentially at issue under section 101(a)(43)(A) of the Act, even in the context of sexual offenses that presume a lack of consent, we must, as a practical matter, evaluate statutes individually and define "sexual abuse of a minor" under the Act on a case-by-case basis. *See Velasco-Giron v. Holder*, 768 F.3d at 728–29 (stating that when an agency addresses topics through adjudication, it may proceed incrementally); *see also INS v. Aguirre-Aguirre*, 526 U.S. 415, 424–25 (1999).

As discussed above, for a statutory rape offense involving a 16- or 17-year-old victim to be categorically "sexual abuse of a minor" under section 101(a)(43)(A) of the Act, the statute must require a meaningful age difference between the victim and the perpetrator. Section 261.5(c) of the California Penal Code requires that the minor victim be "more than three years younger" than the perpetrator, and we conclude that this is a sufficient age differential for the offense to qualify as "sexual abuse of a minor." This standard best protects the victim while ensuring that the offense under the statute we consider in a categorical manner actually constitutes "abuse" as that term is commonly used.

## IV. CONCLUSION

We conclude that the crime of unlawful intercourse with a minor in violation of section 261.5(c) of the California Penal Code categorically constitutes "sexual abuse of a minor" and is an aggravated felony under section 101(a)(43)(A) of the Act. Consequently, the respondent's California conviction under section 261.5(c) renders him removable under section 237(a)(2)(A)(iii) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.