Filed 2/8/16  P. v. Gutierrez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> NOE GUTIERREZ, <br><br>     Gutierrez and Appellant. | A144999 <br><br> (San Francisco City & County <br> Super. Ct. No. 223526) |

Noe Gutierrez appeals from an order denying his motion to withdraw his guilty plea.[1]  We find no error and affirm.

FACTUAL AND PROCEDURAL
BACKGROUND

In July 2014, the San Francisco Police Department conducted an undercover investigation in which an officer, posing online as a 14-year old girl, exchanged messages with Gutierrez, a 24-year old male.  Gutierrez arranged to meet the girl at 1000 Great Highway at an appointed time for purposes of sexual contact, and he indicated that he would arrive in a white Ford pickup truck.  At the appointed time, undercover officers observed Gutierrez and a companion standing next to a white Ford pickup truck.  Police arrested both men and took them to the police station.  At the station, Gutierrez stated he met a 14-year old girl online and had been chatting with her for several days.  He admitted that he went to meet the girl and intended to take her to his home in Napa for

---

[1]  Gutierrez's motion to withdraw his guilty plea was made under Penal Code, section 1018.  All further undesignated statutory references are to the Penal Code.

1

sex.  At the time of his arrest, Gutierrez was on probation for a driving under the influence (DUI) conviction and did not have a valid driver's license.

The San Francisco District Attorney filed a felony complaint charging Gutierrez with, among other things, meeting a minor for lewd purposes.[2]  Gutierrez appeared with his counsel at a plea hearing held on January 13, 2015.  Defense counsel informed the court that Gutierrez intended to plead guilty to an amended complaint charging him with attempted unlawful sexual intercourse with a minor, in violation of sections 664 and 261.5.[3]  Before taking his plea, the court admonished Gutierrez on his rights and informed him that "if you are not a citizen, your plea of guilty may result in your deportation, exclusion from admission or denial of naturalization as a citizen."  Gutierrez acknowledged this advisement, and the following colloquy ensued:

"COURT:          If you are not a citizen you have a right to contact your embassy or your consulate before you enter your plea.

GUTIERREZ:   I understand.

COURT:          Have you had a chance to talk about the immigration consequences of a guilty plea with your lawyer . . .?

GUTIERREZ:   Are you asking if I talked to him about the consequences regarding my legal status?

COURT:          No.  I'm asking if you have had a chance to speak with [counsel] about the possible immigration consequences of your plea.

---

[2]  The complaint charged Gutierrez with the following:  Count I, meeting a minor for lewd purposes (a felony in violation of § 288.4, subd. (b)); Count II, arranging a meeting with a minor for lewd purposes (a misdemeanor in violation of § 288.4, subd. (a)(1)); Count III, driving with a license suspended for a DUI conviction (a misdemeanor in violation of Vehicle Code, § 14601.2, subd. (a)); and, Count IV, driving without a license (a misdemeanor in violation of Vehicle Code, § 12500, subd. (a)).

[3]  Section 261.5, subdivision (a) provides:  "Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a 'minor' is a person under the age of 18 years and an 'adult' is a person who is at least 18 years of age."  Under the plea, Gutierrez avoided lifetime registration as a sex offender, and he must only register as a sex offender for two years.

2

GUTIERREZ: Yes.

COURT: [Counsel], have you discussed with your client the immigration consequences of a guilty plea to this charge.

COUNSEL: I haven't—I'm not an immigration attorney. I have told him he should expect the wors[t] from this. But I have gone over the language that the court just read him, so he understands. It's my belief that he understands this will have a negative impact if he decides to adjust his status later on.

COURT: Are you satisfied that your client understands the possible immigration consequences of a plea to this charge[?]

COUNSEL: Absolutely. I told him he could be deported by pleading guilty to this charge.

COURT: Or denied naturalization as United States citizen or excluded from admission?

COUNSEL: Correct."

Gutierrez subsequently entered a plea of guilty to attempted unlawful sexual intercourse with a minor as alleged in Count V, and the court granted the district attorney's motion to dismiss the remaining counts. The court found a factual basis for the offense based on a stipulation and statement by counsel. It also found that Gutierrez had been informed of his rights, voluntarily and intelligently waived them, and "entered the plea of guilty well-knowing the consequences of the plea." The court set the matter for sentencing and referred it to the Probation Department for preparation of a presentence report.

Before sentencing, Gutierrez substituted his attorney, Chris Morales, with another attorney, Emilio Parker. After obtaining a continuance of the sentencing hearing, Parker moved to withdraw Gutierrez's guilty plea under section 1018.[4] The parties argued the

---

[4] Section 1018 provides in pertinent part: "On application of the defendant at any time before judgment . . . the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

3

motion at a hearing held on March 30, 2015, and the court ruled as follows: "I'm satisfied that the conversation I had with your client at the time of the plea informed the court through your client's own statements that he understood the possible immigration consequences and therefore the motion is denied."

At a subsequent sentencing hearing held on April 30, 2015, the court suspended the imposition of the sentence and placed Gutierrez on probation for a period of five years, subject to certain terms and conditions. It also granted Gutierrez a certificate of probable cause, allowing him to appeal the denial of his motion to withdraw his guilty plea.

DISCUSSION

We begin by discussing the applicable standards governing a motion to withdraw a guilty plea. "A defendant who moves to withdraw his plea must demonstrate good cause by clear and convincing evidence. [Citation.]" (*People v. Kunes* (2014) 231 Cal.App.4th 1438, 1443.) Whether to grant such a motion " ' "rests in the sound discretion of the trial court," ' " and a denial is final "unless the defendant can show a clear abuse of that discretion." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) In this appeal, Gutierrez claims that he demonstrated good cause to withdraw his plea because his first trial counsel was constitutionally ineffective by failing adequately to investigate and advise Gutierrez of the immigration consequences of his plea. We are not persuaded.

A criminal defendant has the right to effective assistance of counsel under both the state and federal constitutions. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1418 [citing constitutional provisions and cases].) The California Supreme Court applies a two-part test, referred to as the "*Strickland*[5] test," to evaluate ineffective assistance of counsel claims "under either the state or federal Constitution." (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003); *People v. Ochoa* (1998) 19 Cal.4th 353, 414; *People v. Osband* (1996) 13 Cal.4th 622, 664.) Under this test, "a defendant must establish (1) that defense counsel's performance fell below an objective standard of reasonableness, i.e.,

---

[5] (*Strickland v. Washington* (1984) 466 U.S. 668.)

4

that counsel's performance did not meet the standard to be expected of a reasonably competent attorney, and (2) that there is a reasonable probability that the defendant would have obtained a more favorable result absent counsel's shortcomings. [Citations.]" (*People v. Cunningham, supra,* 25 Cal.4th at p. 1003.)

In *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*), the United States Supreme Court addressed the scope of counsel's duty to advise a criminal defendant on the immigration consequences of a plea. In that case, Jose Padilla, a lawful permanent resident of the United States for over 40 years, pleaded guilty to transportation of a substantial amount of marijuana after defense counsel told him he " ' "did not have to worry about immigration status since he had been in the country for so long." ' " (*Id.* at p. 359.) Subsequently, Padilla sought to undo his plea by asserting ineffective assistance of counsel when it became clear that, as a result of his guilty plea, he faced deportation. The Supreme Court of Kentucky rejected his argument and ruled that advice about deportation "is merely a 'collateral' consequence of his conviction" and therefore not subject to the Sixth Amendment's guarantee of effective assistance. (*Id.* at pp. 359-360.)

The United States Supreme Court disagreed. It first ruled that deportation cannot be classified as a collateral consequence of a criminal conviction and that advice about deportation is within "the ambit of the Sixth Amendment right to counsel." (*Id.* at p. 366.) It then confirmed that "*Strickland* applies" to ineffective assistance of counsel claims based on such advice. (*Ibid*.) In assessing whether Padilla's counsel's performance " 'fell below an objective standard of reasonableness' " under the first prong of the *Strickland* test, the court observed that "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding *the risk* of deportation." (*Id.* at p. 367, italics added.) The court concluded that in "the instant case, the terms of the relevant immigration statute are succinct, clear, and explicit in defining

the removal consequence for Padilla's conviction." (*Id.* at p. 368)[6] Thus, according to the court, "Padilla's counsel could have easily determined that his plea would make him eligible for deportation simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses. Instead, Padilla's counsel provided him false assurance that his conviction would not result in his removal from this country. This is not a hard case in which to find deficiency: The consequences of Padilla's plea could *easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect*." (*Id.* at pp. 368-369, italics added.)[7]

Although the court found that the circumstances in *Padilla* amounted to "not a hard case," it acknowledged that immigration law "can be complex [and] is a legal specialty of its own" and that some criminal defense attorneys "may not be well versed in it." (*Id.* at p. 369.) It accepted that there will be "numerous situations in which the deportation consequences of a particular plea are unclear or uncertain." In these situations, the court found that the "duty of the private practitioner . . . is *more limited*. When the law is *not* succinct and straightforward, a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges *may* carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear." (*Padilla, supra,* 559 U.S. at p. 369, italics added.) Accordingly, the court concluded "Padilla has sufficiently alleged constitutional deficiency to satisfy the first prong of *Strickland.*" (*Ibid.*)

---

[6] The high court cited 8 U.S.C. § 1227(a)(2)(B)(i), stating that any alien convicted of a violation of any law relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable. (*Padilla, supra,* 559 U.S. at p. 368.)

[7] In this case, Gutierrez does not claim counsel *mis*advised him in any way—only the scope of counsel's advice is at issue.

The circumstances here are far less compelling than they were in *Padilla*. Most importantly, the immigration statute does not, as it did in *Padilla*, describe clearly the conviction's deportation consequences. The statute neither includes attempted unlawful sexual intercourse with a minor in its list of specifically enumerated deportable offenses nor lists sex offenses generally as a class of removable offenses. To be sure, the statute lists crimes of moral turpitude, aggravated felonies, and crimes against children/child abuse as classes of offenses that subject aliens to removal. (See 8 U.S.C. §§ 1227 (a)(2)(A)(i) & (iii); (a)(2)(E)(i).) But it is impossible to determine from "reading the removal statute" (*Padilla, supra,* 559 U.S. at p. 369), whether Gutierrez's conviction for attempted unlawful sexual intercourse with a person under the age of 18 years clearly falls into any of these broad classifications.

Gutierrez insists that the immigration consequences of his plea are "exceedingly 'clear' " because his conviction is an aggravated felony as defined under another section of the INA.[8] The INA defines "aggravated felony" to include "murder, rape, or sexual abuse of a minor." (See 8 U.S.C. § 1101(a)(43)(A).) But, again, the statute fails on its face to make it apparent whether attempted unlawful sexual intercourse with a person under 18 years constitutes sexual abuse of a minor and therefore constitutes an aggravated felony.[9] Gutierrez asserts it does, citing *Matter of Juan Esquivel-Quintana*, 26 I&N Dec. 469 (BIA 2015), and the Attorney General asserts it does not, citing *Pelayo-Garcia v. Holder* (9th Cir. 2009) 589 F.3d 1010. In our view, the disagreement among these authorities only highlights that the law is not "succinct, clear, and explicit."[10] (*Padilla, supra,* 559 U.S. at p. 368.)

---

[8] Immigration and Nationality Act, 8 U.S.C.A. 1101 et sequitur.

[9] In deciding whether a state crime is an aggravated felony for removal purposes, federal appellate courts apply the three-step process outlined in *Descamps v. United States* (2013) ___ U.S. ___, [133 S.Ct. 2276]. (See, e.g., *Lopez-Valencia v. Lynch* (9th Cir. 2015) 798 F.3d 863, 867-868 [applying *Descamps* test to evaluate "whether a conviction under California's theft statute may qualify as an 'aggravated felony' " under the INA].)

[10] Gutierrez suggests defense counsel was constitutionally required to research federal case law on the question of whether his conviction is a deportable offense, citing *People*

7

Because the statute is not "succinct, clear, and explicit" that Gutierrez is deportable on the basis of his conviction, we must conclude that counsel did not render constitutionally ineffective assistance by failing to advise Gutierrez that his guilty plea would necessarily result in deportation, a denial of naturalization, or an exclusion from admission. (See *Padilla, supra,* 559 U.S. at p. 369 ["When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences"].) Given the uncertainties of the applicable immigration statutes, it was constitutionally sufficient for Gutierrez's counsel to have advised Guitierrez that the conviction could result in deportation. (Cf. *United States v. Rodriguez-Vega* (2015) 797 F.3d 781, 786 [counsel's failure to inform Rodriguez-Vega she would be deported for the offense of misdemeanor transportation of illegal aliens was deficient performance because "the immigration statute expressly identifies Rodriguez-Vega's conviction as a ground for removal"].)

DISPOSITION

The judgment is affirmed.

---

*v. Soriano* (1987) 194 Cal.App.3d 1470, 1482 [stating counsel's advice was "not founded on adequate investigation of federal immigration law"]. But even if *Soriano* imposed such a requirement, it has been superseded by *Padilla.*

_____
Humes, P.J.

We concur:


_____
Margulies, J.


_____
Banke, J.