NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE HERALDO RAMOS, | No. 21-70760 |
| Petitioner, | Agency No. A094-158-143 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025**
Pasadena, California

Before: IKUTA, R. NELSON, and VANDYKE, Circuit Judges.

Petitioner Jose Heraldo Ramos ("Ramos") seeks review of the Board of

Immigration Appeals ("BIA") affirmance of an Immigration Judge's ("IJ") denial of

Ramos's applications for cancellation of removal, relief from removal pursuant to

the Nicaraguan Adjustment and Central American Relief Act ("NACARA"),

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, Convention Against Torture ("CAT") relief, and denial of Ramos's motion to remand to seek discretionary adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review the agency's factual findings for substantial evidence and legal questions de novo. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). Particularly, we review "denials of asylum, withholding of removal, and CAT relief for substantial evidence" and reverse agency decisions in only the narrowest of circumstances—if the record *compels* a different conclusion. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). We deny the petition.

1. Ramos has forfeited any challenge to the agency's denial of discretionary cancellation of removal, denial of discretionary Special Rule Cancellation under NACARA, and denial of Ramos's motion to remand to seek discretionary adjustment of status. Ramos's brief makes no argument on these issues. Any issue which is "not discussed in the body of the opening brief is deemed waived." *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

2. Assuming without deciding that Ramos exhausted his claim for asylum, the record does not compel the conclusion that he suffered past persecution or has a well-founded fear of future persecution. A petitioner must show "[e]ither past

2

persecution or a well-founded fear of future persecution" to establish "eligibility for a discretionary grant of asylum." *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998). The IJ found that the two verbal threats Ramos received in 1983 did not evince past persecution. Ramos was not harmed and remained in El Salvador for six additional years without further incident. Even assuming that Ramos properly exhausted the issue, unfulfilled threats standing alone generally do not rise to the level of persecution. *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000); *Sharma v. Garland*, 9 F.4th 1052, 1064 (9th Cir. 2021). The record here does not compel a contrary conclusion.

Because Ramos failed to establish past persecution, he is not entitled to a rebuttable presumption of future persecution. *See Davila v. Barr*, 968 F.3d 1136, 1141–42 (9th Cir. 2020); *Matter of V-F-D-*, 23 I. & N. Dec. 859, 863 (BIA 2006). The record contains no evidence that Ramos would be singled out for persecution by gang members. Furthermore, Ramos's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Absent any evidence regarding individual risk of persecution and absent a nexus to a protected ground, the record does not compel the conclusion that Ramos's fear of future persecution is well-founded. Substantial evidence supports the agency's conclusion that Ramos failed to establish his eligibility for asylum.

3.  Because Ramos "failed to satisfy the lesser standard of proof required to establish eligibility for asylum, [he] necessarily failed to demonstrate eligibility [under the higher "clear probability" standard] for withholding of deportation." *Fisher v. I.N.S.*, 79 F.3d 955, 965 (9th Cir. 1996).

4.  Finally, Ramos presented only general evidence of country conditions to support his request for CAT relief. "[G]eneralized evidence of violence and crime" that is "is not particular to [the petitioner] is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Thus, the record does not compel the conclusion that Ramos was entitled to CAT relief.

**PETITION DENIED**