FILED
United States Court of Appeals
Tenth Circuit

March 1, 2016

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

FABIAN RANGEL-PEREZ,

      Petitioner,

v.

No. 14-9566

LORETTA E. LYNCH, United States
Attorney General,[1]

      Respondent.

_____

**PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS**
_____

Aaron Tarin (Skyler Anderson with him on the reply brief), Immigrant Defenders Law
Group, PPLC, Taylorsville, Utah for Petitioner.

Matthew A. Spurlock (Joyce R. Branda, Acting Assistant Attorney General, Daniel E.
Goldman, Senior Litigation Counsel, and Mona Maria Yousif, Trial Attorney, on the
briefs), United States Department of Justice, Washington, District of Columbia, for
Respondent.

_____

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

**EBEL**, Circuit Judge.

_____

---

[1] The current attorney general, Loretta Lynch, is substituted for her predecessor, Eric
Holder, Jr.  See Fed. R. App. P. 43(c)(2).

Petitioner Fabian Rangel-Perez challenges the Board of Immigration Appeals' ("BIA") characterization of his Utah misdemeanor conviction as an "aggravated felony" under the Immigration and Nationality Act ("INA"). The BIA concluded that Rangel-Perez's Utah conviction for unlawful sexual activity with a minor fell within the INA's category of "aggravated" felonies that includes "sexual abuse of a minor" offenses. Rangel-Perez contends that his prior Utah conviction is not an "aggravated felony" under the INA because the INA's generic "sexual abuse of a minor" offense requires proof of both mens rea and a four-year age differential between the victim and the perpetrator, yet neither is an element of the Utah statute under which he was convicted. We agree with Rangel-Perez that the INA's category of "aggravated" felonies for "sexual abuse of a minor" includes only offenses that require proof of at least a "knowing" mens rea or scienter. We, therefore, conclude that Rangel-Perez's Utah conviction is not a "sexual abuse of a minor" offense under the INA. Thus, we reverse the BIA's decision to treat Rangel-Perez's prior conviction as an "aggravated felony" and we remand his case for further proceedings. Doing so, we need not decide whether the INA's generic "sexual abuse of a minor" offense also requires proof of a four-year age differential.

## I. BACKGROUND

Rangel-Perez, a Mexican citizen, concedes that he is subject to removal from the United States because, as a child, his parents brought him to this country illegally. Nevertheless, Rangel-Perez asks the Attorney General to exercise her discretion and cancel his removal, see 8 U.S.C. § 1229b(b)(1). Under the INA,

Rangel-Perez is not eligible for this discretionary relief from removal if he has been convicted of an "aggravated felony." Id. §§ 1227(a)(2)(A)(iii), 1229b(b)(1)(C). The INA defines aggravated felonies in categories, id. § 1101(a)(43); the specific category at issue here includes state and federal offenses for "sexual abuse of a minor," id. § 1101(a)(43)(A).

The BIA determined that Rangel-Perez had a prior conviction for such a disqualifying "aggravated felony" because he was previously convicted of the misdemeanor offense of "unlawful sexual activity with a minor" in violation of Utah Code § 76-5-401. That state statute provides:

> (1) For purposes of this section "minor" is a person who is 14 years of age or older, but younger than 16 years of age, at the time the sexual activity described in this section occurred.
>
> (2) A person commits unlawful sexual activity with a minor if, under circumstances not amounting to rape, in violation of Section 76-5-402, object rape, in violation of Section 76-5-402.2, forcible sodomy, in violation of Section 76-5-403, or aggravated sexual assault, in violation of Section 76-5-405, the actor:
>
>> (a) has sexual intercourse with the minor;
>>
>> (b) engages in any sexual act with the minor involving the genitals of one person and the mouth or anus of another person, regardless of the sex of either participant; or
>>
>> (c) causes the penetration, however slight, of the genital or anal opening of the minor by any foreign object, substance, instrument, or device, including a part of the human body, with the intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person, regardless of the sex of any participant.
>
> (3) A violation of Subsection (2) is a third degree felony unless the defendant establishes by a preponderance of the evidence the mitigating

3

factor that the defendant is less than four years older than the minor at the time the sexual activity occurred, in which case it is a class B misdemeanor.

Rangel-Perez, at age nineteen, pled guilty to a misdemeanor violation of this Utah statute, and served two days in jail and one year of probation. The Government does not dispute that this misdemeanor conviction was based on Rangel-Perez having sex with his long-time girlfriend, who later became the mother of his child. Based on information in the administrative record, Rangel-Perez was nineteen at the time of his Utah offense, and his girlfriend would apparently have been fifteen.

## II. DISCUSSION

### A. The categorical approach

We apply a "categorical" approach to determine whether Rangel-Perez's misdemeanor Utah conviction for "unlawful sexual activity with a minor" is an "aggravated felony" because it falls within the INA's category of "sexual abuse of a minor" offenses. See Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013).

> Under this approach we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the "generic" federal definition of a corresponding aggravated felony. By "generic," we mean the offenses must be viewed in the abstract, to see whether the state statute shares the nature of the federal offense that serves as a point of comparison. Accordingly, a state offense is a categorical match with a generic federal offense only if a conviction of the state offense "necessarily" involved facts equating to the generic federal offense.

Id. (citations, internal quotation marks, alteration omitted). To apply the categorical approach, then, we compare the elements of the Utah statute under which Rangel-Perez was convicted with the elements of the INA's generic "sexual abuse of a

4

minor" offense. See Descamps v. United States, 133 S. Ct. 2276, 2281, 2285

(2013).[2]

**B. The elements of the INA's generic "sexual abuse of a minor" offense include at least a "knowing" mens rea**

The first question we consider, then, in applying the categorical approach in

this case, is whether the INA's category of "aggravated" felonies that includes

generic "sexual abuse of a minor" offenses requires a mens rea element and, if so, the

degree of mens rea required.

**1. Congress has not explicitly addressed the elements of the INA's "aggravated felony" for "sexual abuse of a minor"**

The question of whether the INA's generic "sexual abuse of a minor" offense

includes a mens rea element is a matter of statutory construction. Congress used over

twenty categories (plus subcategories) of criminal offenses (state or federal) to define

"aggravated felony" for purposes of the INA. See 8 U.S.C. § 1101(a)(43)(A)-(U). In

defining some of these categories of "aggravated" felonies, Congress explicitly cross-

referenced specific federal criminal statutes. For example, § 1101(a)(43)(B) sets

forth the category of "aggravated" felonies for "illicit trafficking in a controlled

[2] Instead of the "categorical approach," we would employ the "modified categorical approach" if Rangel-Perez had been convicted under a state statute that is "divisible"; that is, a statute that "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." Descamps, 133 S. Ct. at 2281. "[T]he modified categorical approach permits . . . courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction," before the court compares the elements of the offense of conviction with the elements of the federal generic offense. Id. Because no one here contends that the Utah statute under which Rangel-Perez was convicted is "divisible," we have no occasion to consider whether we should instead apply the "modified categorical approach."

substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."

But Congress did not cross-reference a federal statute for every one of the INA's categories of "aggravated" felonies. The category at issue here, for instance— "sexual abuse of a minor" offenses—does not cross-reference any federal statute. Nor did Congress otherwise expressly indicate what the elements of the INA's generic "sexual abuse of a minor" offense are or where a court should look to find those elements. We, therefore, cannot rely on the INA's language alone to determine the elements of that statute's generic "sexual abuse of a minor" offense. See Restrepo v. Att'y Gen., 617 F.3d 787, 792-95 (3d Cir. 2010) (holding that Congress did not plainly and unambiguously indicate in the INA what it meant by the generic offense of "sexual abuse of a minor"); see also Amos v. Lynch, 790 F.3d 512, 518 (4th Cir. 2015); Velasco-Giron v. Holder, 773 F.3d 774, 776 (7th Cir. 2014), cert. denied, 135 S. Ct. 2072 (2015); Contreras v. Holder, 754 F.3d 286, 292 (5th Cir. 2014); Mugalli v. Ashcroft, 258 F.3d 52, 56 (2d Cir. 2001). But see Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152, 1155-56, 1157 n.7 (9th Cir. 2008) (en banc) (holding that the INA's language, "sexual abuse of a minor," clearly refers to 18 U.S.C. § 2243's substantive federal "sexual abuse of a minor" criminal offense), overruled on other grounds by United States v. Aguila-Montes de Oca, 655 F.3d 915, 916-17, 919-26 (9th Cir. 2011) (en banc) (addressing when modified categorical approach applies), which was itself abrogated by Descamps, 133 S. Ct. at 2282-83 (same).

**2. Chevron deference to the BIA's interpretation of the INA is not warranted in this case**

Where, as here, Congress has left a gap or an ambiguity in a statute, courts will defer to the interpretation of that statute by the administrative agency that Congress has charged with administering the statute, if the agency's statutory interpretation is reasonable. See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842-44 (1984). In this case, the Government contends that the BIA has determined that the INA's category of "aggravated" felonies for "sexual abuse of a minor" offenses does not require proof of any mens rea and, under Chevron, we must defer to that determination. We cannot agree.

**a. Courts generally defer to the BIA's reasonable interpretation of the INA**

Congress charged the Attorney General with administering the INA, and the Attorney General delegated that duty to the BIA. See Negusie v. Holder, 555 U.S. 511, 516-17 (2009). In light of that, courts will generally afford Chevron deference to the BIA's interpretation of the INA, when otherwise warranted. See Scialabba v. Cuellar de Osorio, 134 S. Ct. 2191, 2196, 2203 (2014); Ibarra v. Holder, 736 F.3d 903, 905, 910 (10th Cir. 2013).

Although often an agency interprets a statute it administers through notice-and-comment rulemaking, agencies such as the BIA also interpret statutes through the agency's adjudications. See United States v. Mead Corp., 533 U.S. 218, 229-30 & 230 n.12 (2001); Lockheed Martin Corp. v. Admin. Review Bd., 717 F.3d 1121, 1131 (10th Cir. 2013). But this court need only defer to the BIA's interpretation of

7

the INA when the BIA acts in its lawmaking capacity and, in the case of the BIA's adjudications, that means only when the BIA's decision is binding precedent within the agency. See Barrera-Quintero v. Holder, 699 F.3d 1239, 1244 (10th Cir. 2012). The BIA's decision in Rangel-Perez's case, made by a single BIA member, is not binding precedent. See id. Nonetheless, "Chevron deference may apply to [such] a nonprecedential BIA decision if it relies on prior BIA precedent addressing the same question." Id. (emphasis added; internal quotation marks omitted). The Government contends that the non-precedential decision the BIA issued in this case relied on the BIA's earlier precedential decision in In re Rodriguez-Rodriguez, 22 I. & N. Dec. 991 (BIA 1999) (en banc), to which we must defer.

### b. We need not defer to the BIA's decision in Rodriguez-Rodriguez because that decision does not address the same question we must resolve here

The fatal flaw in the Government's contention that we must defer to the BIA's interpretation of the INA in Rodriguez-Rodriguez is that the BIA in that case did not address the same question we must resolve here—whether the INA's category of "aggravated" felonies for "sexual abuse of a minor" offenses requires as an element proof of at least a knowing mens rea.

### i. Rodriguez-Rodriguez did not address whether the INA's generic "sexual abuse of a minor" offense included a mens rea element

Rodriguez-Rodriguez considered, not whether the INA's generic "sexual abuse of a minor" offense had a mens rea requirement, but instead what sex acts were included in that generic offense. Specifically, the BIA, in Rodriguez-Rodriguez,

8

decided that the category of "aggravated" felonies for "sexual abuse of a minor" did not require proof of physical contact between the perpetrator and his victim. 22 I. & N. Dec. at 991-92, 995. The BIA thus concluded that Rodriguez-Rodriguez's Texas conviction for "indecency with a child by exposure"—an offense that did not involve physical contact between the perpetrator and the victim—could qualify as an "aggravated felony" under the INA's generic "sexual abuse of a minor" category of offenses. Id. In reaching that conclusion, the BIA looked to 18 U.S.C. § 3509(a)(8)—a federal procedural statute that uses the phrase "sexual abuse of a minor" to refer to a broad range of sex acts—as "a useful identification of the forms of sexual abuse" also covered by the INA's "sexual abuse of a minor" category of "aggravated" felonies. 22 I. & N. Dec. at 995-96.

There, the BIA, in concluding that Rodriguez-Rodriguez's Texas conviction was a "sexual abuse of a minor" offense for INA purposes, mentioned the fact that the Texas offense "require[d] a high degree of mental culpability. The perpetrator must act both with the knowledge that he is exposing himself to a child and with the intent to arouse." Rodriguez-Rodriguez, 22 I&N Dec. at 996 (emphasis added). Although the BIA did not identify these mental states as elements of the INA's generic "sexual abuse of a minor" offense, the BIA's reference to these mental states in Rodriguez-Rodriguez supports adopting, rather than rejecting, Rangel-Perez's argument here that the generic "sexual abuse of a minor" offense includes a mens rea element.

9

### ii. Rodriguez-Rodriguez did not purport to set forth all of the elements of the INA's generic "sexual abuse of a minor" offense

In considering the scope of the sex acts covered by the INA's generic "sexual abuse of a minor" offense, the BIA, in Rodriguez-Rodriguez, did not purport to set forth all of the elements of such an offense. See Amos, 790 F.3d at 520 (4th Cir.) (stating that, "[b]eyond [its] limited holding" that "the generic federal offense [of sexual abuse of a minor] does not require as an element that the perpetrator have physical contact with the victim," the BIA in Rodriguez-Rodriguez "did not provide direction regarding the elements of the generic federal crime of 'sexual abuse of a minor'"); see also Estrada-Espinoza, 546 F.3d at 1157-58 (9th Cir.).

### iii. Rodriguez-Rodriguez also did not establish 18 U.S.C. § 3509(a) as the exclusive touchstone for defining the elements of the INA's "sexual abuse of a minor" category of "aggravated" felonies

In addition to not addressing whether the INA's generic "sexual abuse of a minor" offense includes a mens rea element and not purporting to set forth all of the elements of that generic offense, the BIA, in Rodriguez-Rodriguez, also did not establish 18 U.S.C. § 3509(a) as the exclusive touchstone for defining the elements of the INA's "sexual abuse of a minor" category of "aggravated" felonies. See Amos, 790 F.3d at 517-20 (4th Cir.); see also Estrada-Espinoza, 546 F.3d at 1157-59 (9th Cir.) (stating that, in Rodriguez-Rodriguez, "the BIA did not . . . provide a uniform definition" of the INA's generic "sexual abuse of a minor" offense). In fact, Rodriguez-Rodriguez itself did not rely exclusively on § 3509(a)(8) to define the

10

scope of the sex acts encompassed by the INA's generic "sexual abuse of a minor" offense, but instead also considered the definitions of "sexual abuse" and "child abuse" found in Black's Law Dictionary as indications of the common usage of those terms.  22 I. & N. Dec. at 996.  Moreover, the BIA, in Rodriguez-Rodriguez, expressly stated that it was not adopting 18 U.S.C. § 3509(a)(8) "as a definitive standard or definition but invoke[d] it as a guide in identifying the types of crimes we would consider to be sexual abuse of a minor."  22 I. & N. Dec. at 996.

The BIA, in several later precedential decisions, reiterated that in Rodriguez-Rodriguez the BIA had looked to 18 U.S.C. § 3509(a)(8) only as a "guide," rather than as the definitive standard for applying the INA's generic "sexual abuse of a minor" offense.  See In re Esquivel-Quintana, 26 I. & N. Dec. 469, 470 (BIA 2015) (stating that Rodriguez-Rodriguez indicated that § 3509(a)(8) "provided useful guidance on the crimes that can reasonably be considered 'sexual abuse of a minor' for purposes of" the INA); see also In re V-F-D, 23 I. & N. Dec. 859, 861 (BIA 2006) ("In Matter of Rodriguez-Rodriguez, . . . we . . . decided that we are not obliged to adopt any specific Federal or State provision in defining the term 'sexual abuse of a minor.'").

### iv.  Decisions of other circuits

Our conclusion—that the BIA, in Rodriguez-Rodriguez, did not address the mens rea question with which we are faced in this case—is bolstered by decisions from other circuits.  The Fourth Circuit, in particular, has reached a conclusion similar to ours:

11

Using Section 3509(a)(8) as a "guide," the BIA held in Rodriguez-Rodriguez that the crime of "sexual abuse of a minor" in Subsection (A) [of the INA's 8 U.S.C. § 1101(a)(43)] was broad enough to encompass the Texas statute of "indecency with a child by exposure," because the generic federal offense does not require as an element that the perpetrator have physical contact with the victim. Beyond this limited holding, however, the BIA did not provide direction regarding the elements of the generic federal crime of "sexual abuse of a minor." See Estrada-Espinoza, 546 F.3d at 1157-58 [(9th Cir.)] (explaining that Rodriguez-Rodriguez did not offer a particularized meaning of the generic offense necessary to perform a Taylor [v. United States, 495 U.S. 575 (1990) categorical] analysis).

. . . .

Because the BIA did not supply a definition of the crime of "sexual abuse of a minor" in Rodriguez-Rodriguez, the portion of that opinion subject to Chevron deference is limited to the conclusion: (1) that the generic federal offense does not require as an element that the perpetrator have physical contact with the victim; and (2) that the Texas statute of "indecency with a child by exposure" falls within Subsection A [of 8 U.S.C. § 1101(a)(43)]. See Rodriguez-Rodriguez, 22 I. & N. Dec. at 996; see also [INS v. ]Aguirre-Aguirre, 526 U.S. [415,] 424-25 [(1999)] . . . (holding that BIA's interpretation of a term in the INA warrants Chevron deference when BIA "gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication") (citation and internal quotation marks omitted).

Amos, 790 F.3d at 520 (citation omitted).

The Ninth Circuit, too, similarly concluded that, although the BIA's decision in Rodriguez-Rodriguez is binding agency precedent, it did not establish any "uniform definition" which the agency is bound to employ in future cases addressing the INA's category of "aggravated" felonies for "sexual abuse of a minor" offenses. Estrada-Espinoza, 546 F.3d at 1157; see also Velasco-Giron, 773 F.3d at 780-82 (7th Cir.) (Posner, J., dissenting). Instead, according to the Ninth Circuit, Rodriguez-Rodriguez only "developed an advisory guideline for future case-by-case

12

interpretation" of the INA's category for generic "sexual abuse of a minor" offenses. Estrada-Espinoza, 546 F.3d at 1157.  The Ninth Circuit likened the BIA's use of 18 U.S.C. § 3509(a)(8) in Rodriguez-Rodriguez as only a "guide" to an agency developing its own internal advisory guidelines, which are not entitled to Chevron deference because they lack the force of law.  Estrada-Espinoza, 546 F.3d at 1157; see also Christensen v. Harris Cnty., 529 U.S. 576, 587 (2000) (stating agency guidelines are entitled to Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944) deference to the extent they have the "power to persuade").

We recognize that other circuits have afforded Chevron deference to the BIA's decision in Rodriguez-Rodriguez.  Some have done so when they were considering the same question that the BIA addressed in Rodriguez-Rodriguez—what sex acts are encompassed under the INA's "sexual abuse of a minor" category of "aggravated" felonies.  See Restrepo, 617 F.3d at 795-800 (3d Cir.) ("[c]onsidering the breadth of conduct encompassed by" the INA's generic "sexual abuse of a minor" offense, as defined by 18 U.S.C. § 3509(a)(8), in deciding whether a New Jersey conviction for "aggravated criminal sexual contact" amounted to an "aggravated felony" under the INA); Gattem v. Gonzales, 412 F.3d 758, 760, 764-65 (7th Cir. 2005) (upholding the BIA's determination that Gattem's conviction for soliciting a minor to engage in a sexual act was an "aggravated felony" under the INA because it fell within the range of conduct that 18 U.S.C. § 3509(a)(8) describes as sexual abuse of a minor); Jabbar v. Att'y Gen., 508 F. App'x 156, 158-59 (3d Cir. 2013) (unpublished) (per curiam) ("If 'indecent exposure in the presence of a child by one intent on sexual arousal is

13

clearly sexual abuse of a minor,' Rodriguez-Rodriguez, 22 I. & N. Dec. at 996, it follows that masturbation in front of a minor by one intent on sexual arousal must also be so."). Those cases are not helpful here because they do not address whether 8 U.S.C. § 1101(a)(43)(A)'s "sexual abuse of a minor" category of "aggravated" felonies has a mens rea component.

Other circuits appear to have deferred to Rodriguez-Rodriguez because they have decided, different from us, that Rodriguez-Rodriguez established 18 U.S.C. § 3509 as the exclusive touchstone for defining all of the elements of the INA's generic "sexual abuse of a minor" offense. See, e.g., Velasco-Giron, 773 F.3d at 776-80 (7th Cir.) (deferring to the BIA decision in Rodriguez-Rodriguez to look "to 18 U.S.C. § 3509(a)(8) as the starting point for understanding 'sexual abuse,'" when deciding what INA's generic "sexual abuse of a minor" offense means by "minor" and whether such a generic offense includes a four-year age difference between the perpetrator and the victim); Oouch v. U.S. Dep't of Homeland Sec., 633 F.3d 119, 120-26 (2d Cir. 2011) (deferring to BIA's decision in Rodriguez-Rodriguez "adopt[ing] the meaning of 'sexual abuse' in 18 U.S.C. § 3509 to operate as a 'guide in identifying the types of crimes it would consider to be sexual abuse of a minor" (internal quotation marks, alteration, footnote omitted), when addressing, among other issues, the requisite mental state for the INA's generic "sexual abuse of a minor" offense); see also Ganzhi v. Holder, 624 F.3d 23, 28 (2d Cir. 2010) (per curiam) (stating that the Second Circuit "has found the BIA's adoption of § 3509(a) as the operative definition of sexual abuse of a minor to be reasonable, and has

14

accorded it <u>Chevron</u> deference"). We disagree with these circuits looking to 18 U.S.C. § 3509(a)(8) as the exclusive touchstone for defining the INA's generic "sexual abuse of a minor" category of "aggravated" felonies because, as we previously stated, the BIA's clear language in <u>Rodriguez-Rodriguez</u> expressly treats 18 U.S.C. § 3509(a)(8) as only a "guide," and not the "the definitive standard or definition" for determining whether a conviction is for a generic "sexual abuse of a minor" offense under the INA. 22 I. & N. Dec. at 996. Moreover, even in <u>Rodriguez-Rodriguez</u>, the BIA itself did not look exclusively to § 3509(a)(8) to define the INA's generic "sexual abuse of a minor" offense. 22 I. & N. Dec. at 995-96.

### v. Conclusion: <u>Chevron</u> deference to the BIA's decision in <u>Rodriguez-Rodriguez</u> is not warranted here

For the foregoing reasons, we conclude that the BIA, in <u>Rodriguez-Rodriguez</u>, did not decide the same issue we must address here: whether the INA's category of "aggravated" felonies that are "sexual abuse of a minor" offenses includes a mens rea element. Further, <u>Rodriguez-Rodriguez</u> did not establish 18 U.S.C. § 3509(a) as the exclusive touchstone for defining the elements of the INA's generic "sexual abuse of a minor" offense. There is, then, no reason for us, in this case, to defer to the BIA's decision in <u>Rodriguez-Rodriguez</u>. <u>See</u> <u>Amos</u>, 790 F.3d at 514, 520 (4th Cir.) (declining to defer to <u>Rodriguez-Rodriguez</u> in deciding whether a Maryland conviction for failing to prevent sexual abuse was an "aggravated felony" because it fell within the INA's category of generic "sexual abuse of a minor" offenses).

15

Even if we could read Rodriguez-Rodriguez to establish 18 U.S.C. § 3509(a) as the exclusive touchstone for defining all of the elements of the INA's generic "sexual abuse of a minor" offense (which we cannot), we would not defer to such an interpretation, in any event, because it would make "scant sense," Mellouli v. Lynch, 135 S. Ct. 1980, 1989 (2015), as we explain in the next section of the opinion.

**3. The INA's "aggravated felony" category for "sexual abuse of a minor" offenses requires proof of at least a knowing mens rea**

Because there is no BIA decision to which we must defer, we consider de novo whether the INA's category of "aggravated" felonies for "sexual abuse of a minor" has a mens rea element. See Amos, 790 F.3d at 517 (4th Cir.).

**a. The significance of an "aggravated felony" under the INA**

At the outset of this discussion, we recognize that the INA's phrase "sexual abuse of a minor" defines a category of "aggravated felony." A prior conviction that qualifies as an "aggravated felony" under the INA carries significant immigration consequences, including providing a basis for the removal from the United States of a lawfully present immigrant, see 8 U.S.C. § 1227(a), or, as in this case, disqualifying a removable immigrant alien from discretionary relief from removal, id. § 1229b(a), (b). See Ibarra, 736 F.3d at 906-07; see also Carachuri-Rosendo v. Holder, 560 U.S 563, 566 (2010) (noting that "aggravated" felonies have been "singled out for the harshest deportation consequences"). In order for a prior conviction to be considered an "aggravated felony," then, it must be for conduct that Congress has determined warrants such significant and serious treatment. In light of that, we reject any notion

16

that Congress intended that every sex offense involving a minor—even sex offenses not requiring mens rea—should qualify as an "aggravated felony" under the INA. Congress, after all, included "sexual abuse of a minor" offenses in the same "aggravated felony" category as murder and rape, see 8 U.S.C. § 1101(a)(43)(A), which clearly have mens rea requirements.

Notwithstanding the fact that the conduct underlying "sexual abuse of a minor," for purposes of the INA, must be serious, the INA's designation "aggravated felony" is not limited to only actual felony convictions. Here, for example, the fact that Utah classified Rangel-Perez's offense as a misdemeanor will not preclude us from deeming it to be an "aggravated felony" under the INA if that prior conviction meets the requirements for one of the INA's categories of "aggravated" felonies. See United States v. Saenz-Mendoza, 287 F.3d 1011, 1013-14 (10th Cir. 2002) (indicating that "an offense need not be classified as a felony to qualify as an 'aggravated felony' as that term is statutorily defined in 8 U.S.C. § 1101(a)(43)"; agreeing with the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eleventh Circuits); see also Karimi v. Holder, 715 F.3d 561, 564 n.1 (4th Cir. 2013) ("[T]he labeling of [the immigrant's] crime as a misdemeanor under Maryland law has no bearing on whether it constitutes an 'aggravated felony' under the [INA]."); Liao v. Rabbett, 398 F.3d 389, 390 (6th Cir. 2005) ("The term 'aggravated felony' [in 8 U.S.C. § 1101(a)(43)] is a term of art that can include misdemeanors."); In re Small, 23 I. & N. Dec. 448, 449-50 (BIA 2002); Immigration Trial Handbook § 1:40 (July 2015). By labelling state convictions that meet one of the INA's categories as

17

"aggravated" felonies, regardless of whether a state itself designated that conviction as a misdemeanor or a felony, federal courts can apply the INA's "aggravated felony" determination uniformly throughout the country, regardless of the particular state law the immigrant violated. See generally Taylor, 495 U.S. at 590-92 (addressing the need for national uniformity in applying federal Armed Career Criminal Act's provision labeling state "burglary" convictions as "violent" felonies); Ibarra, 736 F.3d at 912-13 (addressing need for uniformity in applying another of the INA's categories of criminal offenses).[3]

### b. In defining the INA's "sexual abuse of a minor" category of "aggravated" felonies, we look to federal, rather than state, law

We must, then, determine what serious conduct Congress intended to include in the INA's category of "aggravated" felonies for "sexual abuse of a minor." As

---

[3] Early in these immigration proceedings, Rangel-Perez relied upon several Supreme Court cases addressing whether state convictions qualified as "aggravated" felonies under the INA. The Court, in these cases, focused on whether the state conviction was for a felony or misdemeanor, or whether the conduct underlying the state conviction was punishable as a misdemeanor or a felony under federal law. See Moncrieffe, 133 S. Ct. at 1689; Carachuri-Rosendo, 560 U.S at 581; Lopez v. Gonzales, 549 U.S. 47, 60 (2006)). The reason the Court did so was because each of those cases concerned the INA's category of "aggravated" felonies for drug trafficking, which the INA defines as "illicit trafficking in a controlled substance . . ., including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). The federal statute to which this category refers—18 U.S.C. § 924(c)—defines "drug trafficking crime" to mean "any felony punishable under" three specified federal drug laws, id. § 924(c)(2). (Emphasis added.) In order for the Court to determine whether a prior conviction fell within that particular INA category of "aggravated" felonies, then, the Court had to consider whether the conduct underlying the conviction was punishable as a felony or a misdemeanor under those specified federal drug laws. See Lopez, 549 U.S. at 50, 55-60. But those cases do not suggest there is a general requirement that the conduct underlying any of the INA's other categories of "aggravated" felonies must be punishable as a felony under federal law. Nor does the INA preclude categorizing a state misdemeanor as an "aggravated felony" for purposes of the INA.

18

previously mentioned, Congress defined some of the INA's categories of "aggravated" felonies by expressly cross-referencing federal substantive criminal statutes. For example, the INA's category of "aggravated" felonies for drug-trafficking, 8 U.S.C. § 1101(a)(43)(B), expressly references 18 U.S.C. § 802, which defines controlled substances, plus 18 U.S.C. § 924(c), which defines a drug-trafficking crime. When determining the elements of the offenses that qualify as "aggravated" felonies under such a category, a court can look to the federal statute defining the cross-referenced substantive federal criminal offense.

But Congress did not expressly cross-reference federal criminal statutes for every INA category of "aggravated" felonies. That is the case with the category at issue here—sexual abuse of a minor. Under these circumstances, a court could, nonetheless, look to analogous federal law or instead could consider the consensus of state laws addressing that particular category of criminal offenses.

This court, in a recent case, Ibarra v. Holder, 736 F.3d 903 (10th Cir. 2013), considered law from all fifty states in defining another of the INA's categories of criminal offenses. Ibarra had to define, not a category of "aggravated" felonies, but instead crimes for "child abuse, child neglect, or child abandonment." Id. at 905. Like "aggravated" felonies, the INA makes crimes of "child abuse, child neglect, or child abandonment" a basis for removing an immigrant from this country and a reason to disqualify an immigrant from discretionary relief from removal. See 8 U.S.C. §§ 1227(a)(2)(E)(i), 1229b(b)(1)(C); see also Ibarra, 736 F.3d at 905-06. Ibarra concluded that Congress did not further define crimes for "child abuse, child

19

neglect, or child abandonment." 736 F.3d at 912. Nor did Congress, in the INA, cross-reference any federal statute to define this category of child abuse offenses. Id. In fact, there is no substantive federal crime of child abuse to which this court could look by analogy. Id. Ibarra, therefore, chose to define the INA's category of crimes for "child abuse, child neglect, or child abandonment" using elements derived from a consensus of such laws found in each state. Id. at 913-15.

Rangel-Perez urges us to take a similar approach to defining the INA's "sexual abuse of a minor" category of "aggravated" felonies. But state laws defining sexual crimes against children are so widely divergent that it would be difficult, if not impossible, to glean a consensus as to the common elements of those offenses. See Esquivel-Quintana, 26 I. & N. Dec. at 473-74, 476-77; see also Mugalli, 258 F.3d at 60 (2d Cir.) (stating that, "as a practical matter it would be difficult or impossible for the BIA to adopt [a] uniform national standard" for statutory rape offenses); Rodriguez-Rodriguez, 22 I. & N. Dec. at 996 (recognizing that "states categorize and define sex crimes against children in many different ways"). Moreover, unlike child abuse offenses, there are federal substantive criminal statutes that define "sexual abuse of a minor." See 18 U.S.C. §§ 2241-44. Therefore, we choose to look to federal, rather than state, law to determine whether the INA's category of "aggravated" felonies for "sexual abuse of a minor" offenses requires an element of mens rea.

### c. We look to federal laws criminalizing sexual abuse of minors

20

There are two federal statutes setting forth substantive sexual abuse crimes involving minors, 18 U.S.C. §§ 2241(c) and 2243, to which we look to determine whether the INA's category of "sexual abuse of a minor" offenses includes a mens rea element. See Estrada-Espinoza, 546 F.3d at 1152 (9th Cir.) (defining INA's generic "sexual abuse of a minor" offense by referencing 18 U.S.C. § 2243). Those substantive statutes—addressing aggravated sexual abuse of victims under age sixteen (§2241(c)), and sexual abuse of victims between the ages of twelve and sixteen (§ 2243(a))—each require proof that the defendant acted either "knowingly" or with a specific intent.[4]

More specifically, those offenses require that the defendant "knowingly" engaged in the unlawful sexual conduct. Section 2241(c), addressing aggravated sexual abuse of children, requires proof that the defendant

> crosse[d] a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or . . . knowingly engage[d] in a sexual act with another person who has not attained the age of 12 years, or knowingly engage[d] in a sexual act under the circumstances described in subsections (a) [by force or threat] and (b) [by other means such as rendering the victim unconscious or administering by force or threat of force a drug, intoxicant or other similar substance that substantially impaired the other person's ability to appraise or control behavior] with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so . . . .

---

[4] A third federal statute, 18 U.S.C. § 2244, defines abusive sexual contact with a victim of any age, but provides an enhanced sentence when that offense involves a victim younger than twelve, id. at § 2244(c). The substantive § 2244 offenses also require a knowing mens rea. Id. § 2244(a), (b).

21

(Emphasis added.) But "the Government need not prove that the defendant knew that the other person engaging in the sexual act had not attained the age of 12 years." Id. § 2241(d).

Section 2243(a), addressing sexual abuse of a minor, similarly requires proof that the defendant "knowingly engage[d] in a sexual act with another person who— (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging, or attempts to do so . . . ." But "the Government need not prove that the defendant knew—(1) the age of the other person engaging in the sexual act; or (2) that the requisite age difference existed between the persons so engaging." Id. § 2243(d).

Based on these analogous federal substantive crimes, which require that the defendant at least act knowingly, we conclude that the INA's generic "sexual abuse of a minor" offense also has as an element proof that the defendant "knowingly" committed the proscribed sex acts. See United States v. Castillo, 140 F.3d 874, 886 (10th Cir. 1998) (stating that § 2243, "which prohibit[s] sexual acts, require[s] that the defendant 'knowingly' committed the act"); see also United States v. Bruguier, 735 F.3d 754, 760-62 (8th Cir. 2013) (en banc) (discussing knowledge requirement under, e.g., 18 U.S.C. §§ 2241 and 2243); Pelayo-Garcia v. Holder, 589 F.3d 1010, 1013 (9th Cir. 2009) (stating that § 2243(a)'s knowledge requirement applies "to the defendant's act of engaging in a sexual act"; and that, "[a]lthough § 2243(a) does not spell out the situations in which a person might fail to meet this mens rea requirement, presumably a jury could find that a defendant who was extremely

22

intoxicated or otherwise incapacitated did not knowingly engage in a sexual act"). See generally 1 Wayne R. LaFave, Substantive Crim. Law § 5.1(c) (listing the "basic" mental states as 1) intent or purpose, 2) knowing, 3) recklessness, and 4) negligence).

Our conclusion that the INA's generic "sexual abuse of a minor" offense requires proof of at least a "knowing" mens rea is consistent with the "longstanding precept of criminal law . . . that, except in the case of public welfare or regulatory offenses, criminal statutory provisions should not be read to impose strict liability and should instead be construed as carrying a mens rea element when they are silent." United States v Ray, 704 F.3d 1307, 1312 (10th Cir. 2013) (internal quotation marks omitted) (citing Staples v. United States, 511 U.S. 600, 605-06 (1994)).

In choosing to rely upon these federal statutes defining substantive sexual abuse crimes against minors, 18 U.S.C. §§ 2241 and 2243, to determine the mens rea requirement for the INA's generic "sexual abuse of a minor" offense, we reject the Government's argument that we should, instead, look to 18 U.S.C. § 3509(a), which contains no mens rea requirement. Section 3509(a)(8) defines the phrase "sexual abuse of a minor" for purposes of the Child Victims' and Child Witnesses' Rights statute. Congress enacted that statute "in an effort to provide protection for children who are victims of physical or sexual abuse, exploitation, or who have been a witness to a crime committed upon another." Scott M. Smith, Annotation, Validity, construction, and application of child victims' and child witnesses' rights statute (18 U.S.C. § 3509), 121 A.L.R. Fed. 631, 631 (originally published in 1994).

23

> The primary protection provided by the statute is two alternatives to live, in-court testimony: live testimony by two-way closed-circuit television, and videotaped depositions. Other protections include[] restrictions on the disclosure of the name of the child, a provision for closing the courtroom during a child's live, in-court testimony, appointment of a guardian ad litem, the right of a child to be accompanied by an adult attendant while testifying, and extension of the statute of limitations for offenses involving sexual or physical abuse of a child.

Id. Thus, § 3509 is a procedural statute that, because it does not define a substantive criminal offense, does not address the elements of a crime.

Of particular importance here, § 3509(a) does not address mens rea at all. Of course, there is no reason for this statute to address mens rea because the statute does not define a substantive criminal offense. It would be unreasonable to look to a procedural statute like § 3509 to determine whether the INA's generic "sexual abuse of a minor" criminal offense includes a mens rea element. This is particularly true because there are substantive federal criminal statutes, like 18 U.S.C. §§ 2241 and 2243, that do address mens rea. See Estrada-Espinoza, 546 F.3d at 1152 n.2 (9th Cir.) (stating, in using 18 U.S.C. § 2243, rather than 18 U.S.C. § 3509(a)(8), to define the INA's "sexual abuse of a minor" category of "aggravated" felonies, that "[a]lthough Congress also defined 'sexual abuse' in 18 U.S.C. § 3509(a)(8), this section does not define a crime, but merely addresses the rights of child victims and witnesses. Since 8 U.S.C. § 1101(a)(43)(A) defines a category of crime (aggravated felony), it is more plausible that Congress intended the 'aggravated felony' of 'sexual abuse of a minor' to incorporate the definition of 'sexual abuse of a minor' in 18 U.S.C. § 2243, which is a criminal statute outlining the elements of the offense,

24

rather than the definition of 'sexual abuse' found in 18 U.S.C. § 3509."); see also

Ibarra, 736 F.3d at 910-12 (10th Cir.) (looking to substantive criminal statutes rather

than civil statutes to define the INA's category of crimes for "child abuse, child

neglect, or child abandonment").

Ibarra addresses the concerns with looking to a statute other than one defining

a substantive criminal offense to define one of the INA's categories of criminal

offenses. In Ibarra we addressed whether a Colorado child abuse conviction which

involved only negligence and did not result in injury was a "crime of child abuse,

child neglect, or child abandonment" under the INA. 736 F.3d at 905-06. Although

the BIA held that the Colorado conviction qualified as a "crime of child abuse, child

neglect, or child abandonment" under the INA, id. at 906, we declined to afford

Chevron deference to the BIA's decision because, in reaching that conclusion, the

BIA relied "primarily on definitions of 'child abuse' and 'child neglect' from civil,

not criminal, law," id. at 911-12. That was unreasonable, we determined, because the

BIA's interpretation read the word "crime" out of the INA's language: "a crime for

child abuse, child neglect, or child endangerment," 8 U.S.C. § 1227(a)(2)(E)(i)

(emphasis added). Ibarra, 736 F.3d at 910-12. Thus, in Ibarra, we held that

> "[c]rime" means crime; not civil adjudication. This distinction is
> important because "child abuse" and "child neglect" are frequently
> defined in other areas of law: evidence law regarding child witnesses;
> mandatory-reporting law; and family welfare law. The terms are
> usually defined differently in civil law as compared to criminal law. . . .
> The purpose of civil definitions [of child abuse] is to determine when
> social services may intervene. The purpose of criminal definitions is to
> determine when an abuser is criminally culpable.

25

Id. at 910-11 (footnotes omitted).

For similar reasons, we conclude here that it does not make sense for us to look to a federal procedural statute defining the rights of witnesses and victims to decide whether the INA's generic "sexual abuse of a minor" offense had a mens rea element. We look instead to substantive criminal statutes, 18 U.S.C. §§ 2241 and 2243, to answer the mens rea question. Because the federal substantive criminal statutes include a minimum mens rea requirement of proof that the defendant "knowingly" committed the unlawful sexual act, we hold that the INA's generic "sexual abuse of a minor" category of "aggravated felonies" also requires as an element proof of at least a "knowing" mens rea.

**C. Because Utah's crime of "unlawful sexual activity with a minor" is a strict liability offense, it does not categorically fall within the INA's generic "sexual abuse of a minor" category of "aggravated" felonies**

Finally, we consider whether Rangel-Perez's conviction under Utah Code § 76-5-401 for unlawful sexual activity with a minor falls categorically within the INA's generic "sexual abuse of a minor" offense. See Moncrieffe, 133 S. Ct. at 1684. "[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense." Id. (internal quotation marks, alterations omitted). "Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." Id. (emphasis added; internal quotation marks,

26

alterations omitted).  In determining the minimum conduct proscribed by the state statute, we follow the decisions of the state's highest court interpreting that statute. See Obregon de Leon v. Lynch 808 F.3d 1224, 1230 (10th Cir. 2015).

The Utah statute does not expressly require proof of any mens rea for the least of the acts criminalized by that statute—sexual intercourse or sex acts involving the genitals of one person and the mouth or anus of another, Utah Code § 76-5-401(2)(a), (b).  See State v. Martinez, 52 P.3d 1276, 1279 (Utah 2002) (addressing sexual intercourse with a minor).  And the Utah Supreme Court has held that violation of this statute by having sexual intercourse with a minor is a "strict liability crime."  Id. at 1277-80.  Although the Utah Supreme Court reached that decision by primarily addressing the fact that the Government does not have to prove that the defendant knew the age of the victim, the state high court's overall discussion indicates that the statute contains no mens rea requirement.  Id. at 1278-82.  The Government does not argue to the contrary.

Because it requires no mens rea, the Utah statute punishes a broader range of conduct than the conduct that falls within the INA's generic "sexual abuse of a minor" offense, which requires proof of at least a "knowing" mens rea.  A conviction under the Utah statute, then, does not fall categorically within the INA's generic "sexual abuse of a minor" offense; Rangel-Perez's Utah conviction does not qualify as an "aggravated felony" under the INA; and he is not disqualified from seeking discretionary cancellation of removal.

27

## III. CONCLUSION

For the foregoing reasons, we GRANT Rangel-Perez's petition for review, REVERSE the BIA's decision that Rangel-Perez is not eligible for cancellation of removal because he had an "aggravated" felony conviction, and REMAND this case for further proceedings.