**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AZAEL BEDOLLA-ZARATE,

     Petitioner,

v.

JEFFERSON B. SESSIONS, III, United
States Attorney General,

     Respondent.

No. 17-9519

_____

**Appeal from the Board of Immigration Appeals**
**(Petition for Review)**
_____

Kari E. Hong of Boston College Law School, Newton, Massachusetts, for Petitioner.

Matthew B. George, (Chad A. Readler, Acting Assistant Attorney General, and Douglas
E. Ginbsurg, Assistant Director, Office of Immigration Litigation, Civil Division, U.S.
Department of Justice, on the brief), Washington, D.C., for Respondent.
_____

Before **BRISCOE**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

**KELLY**, Circuit Judge.
_____

     Petitioner-Appellant Azael Bedolla-Zarate, a native and citizen of Mexico,

petitions for review of a Department of Homeland Security (DHS) Final Administrative

Removal Order (FARO) based upon his having been convicted of an aggravated felony, 8

U.S.C. § 1227(a)(2)(A)(iii). Mr. Bedolla-Zarate was convicted of third-degree sexual

abuse of a minor in Wyoming state court in September 2016. He contends that his conviction does not qualify as an aggravated felony. Under the Immigration and Nationality Act (INA), we have jurisdiction to review final orders of removal, 8 U.S.C. § 1252(a)(1), and deny review.[1]

## Background

Mr. Bedolla-Zarate was born in Mexico and brought to the United States without authorization in 1997 when he was two years old. He remained in the United States under the Deferred Action for Childhood Arrivals (DACA) policy.

In April 2017, DHS served Mr. Bedolla-Zarate with a Notice of Intent to Issue a FARO based on the Wyoming conviction. FAROs permit expedited removal proceedings that do not include an immigration judge (IJ) or the Board of Immigration Appeals (BIA). DHS can issue a FARO (and therefore institute expedited removal proceedings) when an alien is convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii); see Aguilar v. Napolitano, 700 F.3d 1238, 1240 (10th Cir. 2012). Sexual abuse of a minor is classified as an aggravated felony. 8 U.S.C. § 1101(a)(43)(A).

---

[1] After DHS issued the FARO, Mr. Bedolla-Zarate initiated separate proceedings with DHS, requesting relief from deportation because of a reasonable fear of returning to his native county. On April 5, 2018, the BIA dismissed Mr. Bedolla-Zarate's appeal of the IJ's decision in those proceedings, thereby eliminating any need for this court to consider the government's motion to dismiss or abate the appeal pending the outcome. We therefore deny the government's motion as moot.

Although Mr. Bedolla-Zarate argued that a FARO was improper because his state conviction was not an aggravated felony under the INA, DHS disagreed and issued the FARO on May 1, 2017.

**Discussion**

Mr. Bedolla-Zarate contends that DHS erred by placing him into expedited removal proceedings because (1) he was not actually "convicted" under § 1101(a)(48)(A), and even if so, (2) his conviction did not constitute an aggravated felony under the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), because sexual abuse of a minor within § 1101(a)(43)(A) has a knowledge mens rea that extends to the victim's age and includes an element of "actual abuse." Our review is de novo. Rangel-Perez v. Lynch, 816 F.3d 591, 601 (10th Cir. 2016).

### a. Conviction

Mr. Bedolla-Zarate argues that there is not clear and convincing evidence that he was convicted because there is ambiguity as to whether he pled guilty to the charge. "It is the Government['s] burden to establish, by clear and convincing evidence, that the noncitizen has a prior conviction that warrants his removal." Lucio-Rayos v. Sessions, 875 F.3d 573, 583 (10th Cir. 2017). Section 1101(a)(48)(A) defines "conviction" as, among other things, when an alien (i) "has entered a plea of guilty . . . or has admitted sufficient facts to warrant a finding of guilty, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty." Mr. Bedolla-Zarate concedes

3

that the judgment and sentence, <u>see</u> 1 R. 20–21, meets subpart (ii) of § 1101(a)(48)(A). Aplt. Br. at 16.

On subpart (i), however, Mr. Bedolla-Zarate contends that the state district court's statement in the judgment and sentence that "[t]he defendant was competent to enter the plea; the plea was voluntary, and not the result of force or threats or of promises apart from any plea agreement, <u>if there was a plea agreement</u>," 1 R. at 19 (emphasis added), establishes ambiguity about whether there was a plea agreement.

We disagree. Mr. Bedolla-Zarate's argument contradicts the entirety of the five-page judgment and sentence, including the court's explicit statement that Mr. Bedolla-Zarate "pled guilty to Count I, Sexual Abuse of a Minor in the Third Degree . . . and was satisfied there existed a factual basis for the plea." <u>Id.</u> This is sufficient to establish that he entered a plea of guilty. Accordingly, Mr. Bedolla-Zarate was "convicted" within the meaning of § 1101(a)(48)(A).

### b. Categorical Approach

Mr. Bedolla-Zarate next contends that DHS erred in finding that his Wyoming conviction was an aggravated felony. Under the INA, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable," 8 U.S.C. § 1227(a)(2)(A)(iii), and sexual abuse of a minor is classified as an aggravated felony, <u>id.</u> § 1101(a)(43)(A). Mr. Bedolla-Zarate's Wyoming conviction for sexual abuse of a minor is therefore an aggravated felony if it constitutes sexual abuse of a minor under the INA.

4

To determine whether a state offense constitutes an aggravated felony under the INA, we apply a "categorical approach" to ascertain whether the state statute categorically fits within the generic offense. Moncrieffe v. Holder, 569 U.S. 184, 190 (2013). However, if the state statute is divisible — or lists elements in the alternative — courts apply a modified categorical approach, which permits a limited inquiry into certain charging documents. Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). In this case, because the Wyoming statute, Wyo. Stat. Ann. § 6-2-316(a)(i), has a single, indivisible set of elements, we apply the categorical approach to determine whether Mr. Bedolla-Zarate's Wyoming conviction for sexual abuse of a minor is an aggravated felony within the INA's definition of sexual abuse of a minor. See Moncrieffe, 569 U.S. at 190. Under the categorical approach, we consider whether "the least of the acts criminalized by the state statute falls within the generic federal definition of sexual abuse of a minor." Esquivel-Quintana v. Sessions, 137 S. Ct. 1562, 1568 (2017). We therefore compare the elements of the Wyoming state statute with the elements of the INA's sexual abuse of a minor offense and then examine whether the state statute categorically fits within the generic offense. See id.

Because Congress did not explicitly outline the elements of the INA's generic offense of sexual abuse of a minor in § 1101(a)(48)(A), we look first to the everyday understanding of the term when Congress added "sexual abuse of a minor" to the INA: "engaging in sexual contact with a person who is below a specified age or who is incapable of giving consent because of age or mental or physical incapacity." Id. at 1569 (quoting Sexual abuse, Merriam-Webster's Dictionary of Law (1st ed. 1996)). We also

5

afford deference to the interpretation from the administrative agency charged with administering the statute — in this case the BIA through the Attorney General. See Ibarra v. Holder, 736 F.3d 903, 905, 910 (10th Cir. 2013). Although not directly on point here, in In re Rodriguez-Rodriguez, 22 I. & N. Dec. 991, 995–96 (BIA 1999), the BIA stated the definition of "sexual abuse" found in 18 U.S.C. § 3509(a)(8) was to be a guide in identifying the crimes that should be classified as sexual abuse of a minor under the INA. That section defines sexual abuse as the "use . . . of a child to engage in . . . sexually explicit conduct." 18 U.S.C. § 3509(a)(8).[2]

In Rangel-Perez v. Lynch, 816 F.3d 591 (10th Cir. 2016), this court reiterated that § 3509 was simply a guide and that in considering the INA definition of sexual abuse of a minor, courts should also look to the two federal statutes that set forth the substantive sexual abuse crimes involving minors: 18 U.S.C. §§ 2241(c), 2243. 816 F.3d at 604; see Esquivel-Quintana, 137 S. Ct. at 1570 (using 18 U.S.C. § 2243 as evidence for the generic federal definition). Based on these two statutes, Rangel-Perez held that "the INA's general 'sexual abuse of a minor' offense also has an element of proof that the defendant 'knowingly' committed the proscribed sex acts." Id. at 604–05. Although the court held that a person must knowingly commit the acts, it noted that the intent element applied only to the proscribed sex acts, not to the age of the victims. Id.

---

[2] Sexually explicit content includes "the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person." 18 U.S.C. § 3509(a)(9)(A).

We next consider the Wyoming sexual abuse of a minor statute for which Mr. Bedolla-Zarate was convicted to determine whether it categorically qualifies as sexual abuse of a minor under the INA. That statute, Wyo. Stat. Ann. § 6-2-316(a)(i), states that an

> actor commits the crime of sexual abuse of a minor in the third degree if: (i) Being seventeen (17) years of age or older, the actor engages in sexual contact with a victim who is thirteen (13) through (15) years of age, and the victim is at least four (4) years younger than the actor.[3]

Mr. Bedolla-Zarate contends that the Wyoming sexual abuse of a minor statute is broader than the generic offense because it does not include (1) a knowledge mens rea regarding the age of the victim or (2) an "actual abuse" element.

Mr. Bedolla-Zarate's first argument plainly fails based on both this court's discussion in Rangel-Perez, where the court stated that the knowledge requirement applied to the proscribed sex acts, but not the age of the victim, 816 F.3d at 604–05, and the Supreme Court's statement in Esquivel-Quintana that we look to § 2243 as evidence of the generic federal definition — which does not have a knowledge requirement for the age of the victim.[4]  Accordingly, because neither the generic offense nor the Wyoming

---

[3] "Sexual contact" includes "touching, with the intention of sexual arousal, gratification or abuse, of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or of the clothing covering the immediate area of the victim's or actor's intimate parts." Wyo. Stat. Ann. § 6-2-301(a)(vi).

[4] In Esquivel-Quintana, the Supreme Court stated that courts should consider state criminal codes when determining the generic meaning of sexual abuse of a minor, 137 S. Ct. at 1571, abrogating our decision in Rangel-Perez, which held that we should examine only federal law when defining sexual abuse of a minor under the INA, 816 F.3d at 603–04.  However, we decline to engage in an analysis of state statutes because the issue has not been adequately briefed.  See In re: Motor Fuel Temperature Sales Practices Litig., 872 F.3d 1094 (10th Cir. 2017) (declining to consider an inadequately briefed argument).

statute requires knowledge of the victim's age, we reject Mr. Bedolla's claim that the Wyoming statute sweeps more broadly on this element of the offense.

As to Mr. Bedolla-Zarate's second argument, he contends that the generic definition of sexual abuse of a minor <u>should</u> include an element of "actual abuse," which could include an age gap (such as only relationships with a greater than five-year age difference), lack of consent, a relationship with a power imbalance, or exploitation. <u>See</u> Aplt. Br. at 28–32. However, Mr. Bedolla-Zarate's opening brief provides no support for this argument through plain meaning, case law, federal statutes, or evidence that a majority of state criminal codes support an "actual abuse" element. <u>See</u> <u>Esquivel-Quintana</u>, 137 S. Ct. at 1571 ("[W]e look to state criminal codes for additional evidence about the generic meaning of sexual abuse of a minor.").

We agree with the Eighth Circuit's recent statement — relying on the Supreme Court's decision in <u>Esquivel-Quintana</u> — that if the sexual abuse of a minor generic offense "requires an element of seriousness beyond sexual penetration with a person too young to consent [it] would effectively remove from the INA's purview all statutory rape offenses that are based solely on the age of the participants" and that "[a]dding an age-differential requirement that is greater than two years and a day to the INA's unambiguous rule that a victim must be younger than sixteen years would eliminate from the generic offense the majority of age-based state statutory rape offenses in effect when

But even if we were to independently undertake a review of state criminal codes, it appears the result would hardly settle the issue in Mr. Bedolla-Zarate's favor. <u>See, e.g.</u>, <u>Jenkins v. State</u>, 877 P.2d 1063, 1065 (Nev. 1994) (noting that "the weight of authority in the United States" did not allow mistake as to the victim's age as a defense to statutory rape).

8

the federal provision was enacted." Garcia-Urbano v. Sessions, 2018 WL 2246520, at *2–3 (8th Cir. 2018); see Esquivel-Quintana, 137 S. Ct. at 1571 (indicating that the generic offense cannot "categorically exclude the statutory rape laws of most States"[5] and that "[a] significant majority of jurisdictions thus set the age of consent at 16 for statutory rape offenses predicated exclusively on the age of the participants" (emphasis added)). For the same reasons, and because Mr. Bedolla-Zarate fails to provide support for his contention, his argument also fails.

Accordingly, a person convicted under the Wyoming sexual abuse of a minor statute necessarily has committed sexual abuse of a minor under the INA. DHS therefore properly issued a FARO against Mr. Bedolla-Zarate for committing an aggravated felony under the INA.

REVIEW DENIED.

---

[5] In Esquivel-Quintana, the Court suggested that an age differential of four years is too large for the generic offense; Mr. Bedolla-Zarate proposes an even larger five-year age differential.

9