**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUAN MANUEL TORRES-
LEDESMA,

Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

Respondent.

Nos. 14-9562 & 14-9603
(Petitions for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.

---

Mr. Juan Manuel Torres-Ledesma was convicted in state court of maintaining a dwelling where a controlled dangerous substance is kept. *See* Okla. Stat. Ann. tit. 63, § 2-404. Based on this conviction, the Board of Immigration Appeals determined that Mr. Torres-Ledesma was removable

---

[*]      The Court substitutes Ms. Loretta E. Lynch as the respondent. *See* Fed. R. App. P. 43(c)(2).

[**]      The Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

because the conviction involved an aggravated felony and a violation of state law relating to a controlled substance. *See* 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(B)(i). Mr. Torres-Ledesma sought reconsideration by the Board. When that effort proved unsuccessful, he filed two petitions for review, one addressing the Board's original decision and the other addressing the denial of reconsideration. We grant the petitions because the Board apparently assumed that the conviction involved the felony portion of the Oklahoma statute.

The Board applied a categorical approach. This approach ignores the petitioner's actual conduct, focusing instead on the minimum needed for a conviction under state law. *Ibarra v. Holder*, 736 F.3d 903, 907 (10th Cir. 2013). Applying this approach, the Board concluded that violation of the Oklahoma law would always constitute an aggravated felony and a violation involving a controlled substance. In reviewing that determination, we engage in de novo review. *Barrera-Quintero v. Holder*, 699 F.3d 1239, 1243 (10th Cir. 2012).

Applying de novo review, we reverse because the Board should not have used a categorical approach. Section 2-404 has two subsections. Subsection A makes certain activities unlawful, and Subsection B provides two forms of punishment: (1) a civil fine and (2) a felony conviction. The existence of two different penalties makes § 2-404 "divisible." *Descamps*

*v. United States*, __ U.S. __, 133 S. Ct. 2276, 2281 (2013). One penalty would involve a felony conviction, and the other penalty would not. Because the state statute was divisible, the Board had to use a modified categorical approach. *Ibarra*, 736 F.3d at 907. The Board failed to do so.

That failure tainted the Board's conclusion. To conclude that the conviction involved an aggravated felony or a violation involving a controlled substance, the Board had to determine whether the conviction involved a felony or a civil fine. The Board appeared to assume the conviction involved a felony without actually deciding the issue. Without an agency determination in the first instance, we must reverse and remand. *See Mena-Flores v. Holder*, 776 F.3d 1152, 1158 (10th Cir. 2015) (stating it would be inappropriate for this court to make new factual findings); *Niang v. Gonzales*, 422 F.3d 1187, 1197 (10th Cir. 2005) (stating that the court should not assume the role of the Board of Immigration Appeals, but should leave decisions for the Board to decide in the first instance).

In these circumstances, the Court grants the petitions for review and remands to the Board of Immigration Appeals. On remand, the Board must (1) apply a modified categorical approach in determining whether the

conviction involved a felony or a civil fine and (2) explain the reasons for this determination.

                              Entered for the Court


                              Robert E. Bacharach
                              Circuit Judge