**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUAN MANUEL TORRES-
LEDESMA,

      Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

      Respondent.

No. 19-9530

---

**PETITION FOR REVIEW FROM AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS**

---

**ORDER AND JUDGMENT** [*]

---

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **HARTZ**, Circuit Judges.

---

Juan Manuel Torres-Ledesma is a legal permanent resident who challenges

his order of removal to Mexico. He was ordered removed from the United States

---

[*] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

under 8 U.S.C. § 1227(a)(2)(A)(iii) and (a)(2)(B)(i) after an immigration judge (IJ) determined his conviction under Oklahoma law constituted both an aggravated felony and a controlled substance offense. The Board of Immigration Appeals (BIA) affirmed the IJ's order of removal, but we reversed and remanded for reconsideration under the correct legal standard applying to whether a state conviction constituted an aggravated felony under federal law. *Torres-Ledesma v. Lynch*, 608 F. App'x 704 (10th Cir. 2015).

On reconsideration the BIA once again concluded that Torres-Ledesma was convicted of an aggravated felony under Oklahoma state law and was therefore removable under § 1227(a)(2)(A)(iii). It did not decide whether he was also removable for a controlled substance violation under (a)(2)(B)(i). Torres-Ledesma now appeals the BIA's latest decision and argues that his conviction under Oklahoma law was not a felony and therefore cannot be the basis for removability under federal law. He also argues that his conviction was not one for a controlled substance offense and that his removal under § 1227(a)(2)(B)(i) was not proper. Because we agree the government has failed to show clearly and convincingly that Torres-Ledesma's conviction was a state-law felony, we GRANT his petition for review and REVERSE the BIA.

We REMAND for further consideration of whether he was removable under § 1227(a)(2)(B)(i).

-2-

# I. Background

Torres-Ledesma is a native and citizen of Mexico who became a legal resident of the United States in November 1999. Soon thereafter he pleaded guilty to using a communication facility in connection with drug trafficking in violation of 13 Okla. Stat. § 176.3(8) and 176.7.[1] He received a deferred sentence of five years' imprisonment and a one-thousand dollar fine. In 2007, he applied for naturalization. At that point, immigration authorities became aware of his 1999 conviction and the fact that it made him removable under § 1227(a)(2)(A)(iii), which provides for the removal of aggravated felons.[2] Then in June 2008, an Oklahoma court amended his guilty plea *nunc pro tunc* to a violation of a different provision of Oklahoma law, 63 Okla. Stat. § 2-404. In relevant part, that statute prohibits the maintenance of a dwelling "which is resorted to by persons using controlled dangerous substances in violation of [the] act, or which is used for the keeping or selling of the same . . . ." 63 Okla. Stat.

---

[1] Section 176.3(8) makes guilty of a felony anyone who "[w]illfully uses any communication facility in committing or in causing or facilitating the commission of any act or acts constituting one or more of the felonies enumerated in Section 176.7 of this title." Section 176.7 lists multiple felonies, including "the cultivation or manufacture or distribution of narcotic drugs or other controlled dangerous substances, as defined in the Uniform Controlled Dangerous Substances Act, [and] trafficking in illegal drugs, as defined in the Trafficking in Illegal Drugs Act."

[2] "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).

§ 2-404(A)(6).  Violations of the statute are punishable by either a civil fine or, if knowledge and purpose are alleged, a felony conviction which carries the potential for imprisonment and fines.  *Id*. § 2-404(B).  After the amendment to the guilty plea, the government continued to argue that he was removable under § 1227(a)(2)(A)(iii), and it added an additional charge of removability under (a)(2)(B)(i), which provides for the deportation of "[a]ny alien who at any time after admission has been convicted of a violation . . . of any law or regulation . . . relating to a controlled substance."

An IJ ultimately found Torres-Ledesma removable under both subsections of the federal statute because a violation of § 2-404(A)(6) constituted an aggravated felony and a controlled substance violation.  The BIA affirmed that decision, reasoning that § 2-404(A)(6) was a categorical match to 21 U.S.C § 856(a)—part (1) of which makes unlawful "knowingly . . . maintain[ing] any place . . . for the purpose of manufacturing, distributing, or using any controlled substance."  Torres-Ledesma subsequently filed a petition for review of the BIA's decision and another for review of the BIA's denial of reconsideration.  This court combined the two and reversed the BIA, remanding with instructions to apply the modified categorical approach and to explain its reasoning.  *Torres-Ledesma v. Lynch*, 608 F. App'x 704 (10th Cir. 2015).

On remand, the BIA again determined that Torres-Ledesma's guilty plea constituted a removable offense. Applying the modified categorical approach, the BIA reasoned that Torres-Ledesma was convicted of the felony contemplated by § 2-404 because his deferred sentence resembled the sentence allowable under the felony portion of the statute. It did not reach the question of removability under § 1227(a)(2)(B)(i) because an alien removable under (a)(2)(A)(iii) is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3).

We now consider the second BIA decision.

## II. Discussion

Torres-Ledesma challenges the BIA's affirmation of his removal under § 1227(a)(2)(A)(iii) and argues he was not removable under (a)(2)(B)(i). For the reasons discussed below, we agree with regard to (a)(2)(A)(iii) and reverse the BIA on its conclusion that Torres-Ledesma was removable under that provision. Because the BIA erred in concluding that he was removable under (a)(2)(A)(iii), it should now consider whether he was removable under (a)(2)(B)(i).

*A. Removal for Conviction of an Aggravated Felony*

Torres-Ledesma contends he is not removable under § 1227(a)(2)(A)(iii) because he did not plead guilty to the felony portion of the Oklahoma statute.

In his appeal from the first BIA decision, this court concluded that the BIA erred in using the categorical approach to determine whether a conviction under

-5-

§ 2-404 was an aggravated felony and instructed the BIA to reconduct its analysis using the modified categorical approach. The government had urged the theory that § 2-404(A)(6) was a categorical match to its federal counterpart, § 856(a), because both make criminal the maintenance of a dwelling where controlled substances are kept. In response to Torres-Ledesma's argument that this was not a categorical match because the statutes contemplated different mentes reae, the government noted that the Oklahoma statute required a more intensive mens rea, necessarily fulfilling the federal requirement. In order to violate § 2-404(A)(6), a person must act with purpose, and anyone acting with purpose necessarily acts with the sort of knowledge required by § 856(a)—and the sort of knowledge or intent required for a felony conviction under § 2-404(B). While the court did not expressly address this argument, it did implicitly reject it by holding that the categorical approach was not appropriate.

In so holding, the court also necessarily foreclosed, even if implicitly, the government's argument on this appeal that there was only one crime—a felony—to which Torres-Ledesma could have pleaded guilty under § 2-404(B). *See Wilmer v. Bd. of Cty. Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995) (noting that even implicitly decided matters may become law of the case). After all, a modified categorical approach is not necessary when there is only one crime to be compared to the federal statute. So this court's decision that a modified

-6-

categorical approach was necessary implies a conviction under § 2-404 is divisible between two criminal provisions, and the government must show that the relevant provision matches 21 U.S.C. § 856(a).

Under the law-of-the-case doctrine, we treat an earlier Tenth Circuit decision in the same action as controlling. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1099 (10th Cir. 2017). While our law-of-the-case doctrine is discretionary, we generally only refrain from applying it: "(1) when new evidence emerges; (2) when intervening law undermines the original decision; and (3) when the prior ruling was clearly erroneous and would, if followed, create a manifest injustice." *Bishop v. Smith*, 760 F.3d 1070, 1086 (10th Cir. 2014). The government has not argued for any of these exceptions, and we are not inclined to find one sua sponte.

The BIA reasoned that the deferred sentence of five years' imprisonment necessarily makes the § 2-404 conviction a felony because, under its subsection B, only a felony carries jail time. The government has offered the alternative theory on appeal that only one *criminal* punishment is contemplated by § 2-404(B), and that punishment is one for a felony. Therefore, the argument goes, if Torres-Ledesma was convicted of a crime, he was necessarily convicted of a felony. Torres-Ledesma responded that he pleaded guilty to a misdemeanor, punishable by only a civil fine. The law of the case requires us to reject the

government's argument and conclude that the civil fine constitutes a non-felony criminal penalty for these intents and purposes.

Because this court's previous decision forecloses the argument that a conviction under § 2-404(A)(6) is a felony per se and the argument that the civil fine mentioned in § 2-404(B) is not a criminal penalty, we can only affirm if the record contains clear and convincing evidence that Torres-Ledesma violated § 2-404 "knowingly or intentionally." *See* § 2-404(B); *Bedolla-Zarate v. Sessions*, 892 F.3d 1137, 1139 (10th Cir. 2018) (stating that the government has the burden to establish by clear and convincing evidence that an alien's removal is warranted by his prior conviction).

The record does not contain sufficient evidence to permit such a conclusion. True, some evidence supports a weak inference that Torres-Ledesma was convicted of a felony. Chief among that evidence is that the penalty for a felony conviction under § 2-404 resembles the deferred sentence Torres-Ledesma received. In its order amending the conviction *nunc pro tunc*, the Oklahoma court stated it dismissed the case because "the conditions of the deferred sentence ha[d] been met." R. vol. 2, p. 498. The BIA took this to mean that the deferred sentence would have been appropriate for the new charge. Under that reading, the determination that Torres-Ledesma was convicted of a felony seems reasonable. The felony conviction under § 2-404 is, after all, punishable by up to five years in

prison, and Torres-Ledesma received a five-year deferred prison sentence. The felony portion also provides for a fine of up to ten thousand dollars, and he received a fine. But the BIA overreads the state court. That court never stated the original sentence would have been appropriate under the new charge. At most, the statement could mean the deferred sentence satisfied the minimum punitive requirements of § 2-404. That is, we cannot conclude the court was saying Torres-Ledesma's sentence would have been appropriate under § 2-404—only that such as a sentence was at least as punitive as necessary and that he deserved no further punishment. This is equally consistent with a conviction under the civil penalty portion of the statute.

In sum, the government has not shown that the record clearly and convincingly demonstrates that Torres-Ledesma pleaded guilty to an aggravated felony.

### B. Removal for Conviction of a Controlled Substances Violation

Because the BIA incorrectly concluded that Torres-Ledesma was removable under § 1227(a)(2)(A)(iii), and therefore ineligible for cancellation of removal, it may still consider whether he was removable under (a)(2)(B)(i). On remand, the agency must determine whether Torres-Ledesma's conviction under 63 Okla. Stat. § 2-404 made him removable under § 1227(a)(2)(B)(i).

# III.  Conclusion

We REVERSE the BIA's conclusion that Torres-Ledesma was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), and remand for further proceedings consistent with this order and judgment.

Entered for the Court

Timothy M. Tymkovich
Chief Judge